■ JULIA WALSH, Appellant, v. THOMAS WALSH, Respondent.— In an action for separation on the grounds of cruel and inhuman treatment, abandonment and nonsupport, plaintiff wife appeals from so much of an order of the Supreme Court, Queens County, entered June 25, 1964, granting her motion to reargue, as, upon reargument, adhered to the court's original decision which had denied plaintiff's motion for temporary support, counsel fees and the exlucsive possession of the parties' apartment. Order, insofar as appealed from, reversed, with $10 costs and disbursements; and the following disposition made of plaintiff's original motion for alimony, counsel fees and exclusive possession of the apartment: (1) alimony *pendente lite* is denied, with leave to the plaintiff, if so advised, to renew at Special Term her request for such relief in the event that the defendant should fail to maintain her and the family in the same style and manner in which he had maintained them before the marital differences arose; (2) a counsel fee *pendente lite,* in the sum of $500, is awarded to the plaintiff; the defendant is directed to pay to her one half of said sum within 10 days after the service on his attorney of a copy of the order entered hereon, and the other half on or before the day of trial; and such award is made without prejudice to the trial court's award of further and additional counsel fees should they be warranted by the proof adduced upon the trial; and (3) the exclusive possession of the apartment is denied. In our opinion the facts stated by the

plaintiff are sufficient to show a reasonable probability of her ultimate success. The fact that she has an income of her own does not deprive her of a right to a counsel fee *pendente lite* from her husband (*Hirschberg* v. *Hirschberg,* 7 A D 2d 869). Nor does the fact that she may have some personal assets deprive her of the right to such counsel fee where the personal assets are not sufficient to enable her to prosecute the action (*Scheideler* v. *Scheideler,* 10 A D 2d 991; *Kaiser* v. *Kaiser,* 262 App. Div. 835). Kleinfeld, Acting P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.