Paul Balsam, J.
Defendant moves pursuant to CPLR 5015 (subd. [a]) to vacate a judgment in the sum of $7,096.33 entered on default by the Clerk on December 7,1965, pursuant to CPLR 3215 (subd. [a]) and to stay the execution thereof.
This action on certain promissory notes executed by the defendant was commenced by the personal service on November 8, 1965 of a notice of motion for summary judgment in lieu of complaint pursuant to CPLR 3213 accompanied by a summons and notice pursuant to CPLR 305 (subd. [b]). The notice on the summons stated the sum of money for which judgment would be taken in the event of default. The notice of motion, made returnable on December 8, 1965, required the defendant to serve its “answer” to the motion “no later than (a) the day following twenty days after service of the summons herein or (b) November 29, 1965, whichever last occurs.” The defendant did not respond to the summons by serving a notice of appearance and failed to serve answering papers within the time required by the notice of motion. Instead, it appeared in court on December 8,1965, the return date of the motion. However, the motion was not on the calendar, a default judgment having been taken before the Clerk on the preceding date.
This motion raises novel questions concerning CPLR 3213 which was amended on September 1, 1965 to read as follows: “ When an action is based upon a judgment or instrument for the payment of money only, the plaintiff may serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint. The minimum time for return of the motion shall be as provided by subdivision (a) of rule 320 for making an appearance, depending upon the method of service. The summons served with such motion *80 papers shall require the defendant to answer the motion within the time provided in the notice of motion. If the plaintiff makes the motion returnable after the minimum time therefor, he may require the defendant to serve a copy of his answering papers upon him within such extended period of time, not exceeding ten days, prior to such return day. If the motion is denied, the moving and answering papers shall be deemed the complaint and answer, respectively, unless the court orders otherwise. ’ ’
The question posed is whether, upon defendant’s failure to ‘ ‘ answer the motion ’ ’ within the time required by the notice of motion, the Clerk was empowered to enter a judgment by default prior to the return date of the motion. Plaintiff argues that since she has served a 305 (subd. [b]) notice and the defendant was in default in answering the motion and appearing in response to the summons, the Clerk was empowered by CPLR 3215 (subd. [a]) to enter judgment by default; that any other interpretation of CPLR 3213 would operate to extend the defendant’s time to answer beyond the time specified in CPLR 320 (subd. [a]).
Unfortunately, CPLR 3213 does not clearly solve the question presented. This court must, therefore, be guided by the principle that the statute should be construed in light of the intent of the Legislature and the underlying purpose of the enactment. An examination of the legislative history of the section leads to the conclusion that the Legislature did not contemplate the problem here presented. Of course, draftsmen of statutes, no matter how talented, cannot foresee every problem that will arise in their application. Even more so does this apply to the question presented by this motion which concerns the interrelation of CPLR 320, 305 (subd. [b]), 3213 and 3215.
CPLR 3213 requires the defendant “ to answer the motion ” (italics added). Its failure to answer the motion within the time specified in the notice of motion is a default on that motion but not a default in pleading or in appearing that would justify the Clerk to enter judgment by default. Defendant could not be in default in the action until the return date of the motion. This court does not agree with plaintiff’s contention that defendant’s failure to “ answer the motion ” within the time required by the notice was a failure to appear within the meaning of 3215. And this notwithstanding that up to the time that judgment was entered before the Clerk, the defendant had not appeared in the action within the meaning of CPLR 320 (subd. [a]).
*81 That section sets forth three methods of appearance by (a) the service of a notice of appearance, (b) the service of an answer, and (c) the making of a motion which has the effect of extending the time to answer. Yet, if plaintiff’s argument is extended to its logical conclusion, even a defendant who answers a 3213 motion for summary judgment in lieu of complaint within the time specified in a notice for such relief would never “ appear ” as that term is defined by 320 (subd. [a]), since the service of an answer to a motion is not embraced in the three methods of making an appearance specified by 320 (subd. [a]). CPLR 3213 itself states: “ If the motion is denied, the moving and answering papers shall be deemed the complaint and answer, respectively, unless the court orders otherwise.” This language would indicate that until — at the earliest — the return date of the motion, no answer or appearance had been interposed for the purpose of taking a default judgment before the Clerk.
Any other construction would operate as a trap to the unwary, as indeed it has here. The underlying purpose of the recent amendment of 3213 which, under certain circumstances, allows a plaintiff to require the service of an answer to a motion before the return date of that motion, is “To allow plaintiff time to study the answering papers”. (Judicial Conference of State of New York, Report to 1965 Legislature [Feb. 1, 1965], p. 72.)
Since this case arises in connection with a procedure “ made so soon after the effective date of the amendment, and at a time when the members of the Bar were not familiar with such amendment, this court, in the interest of justice ” (Rusnak v. Doby, 267 App. Div. 122) vacates the judgment and opens the defendant’s default “in answering the motion” and permits answering affidavits to the motion to be served at least five days before the new return date of the motion, which will be fixed by the court in the order to be entered hereon.
Accordingly, the motion is granted as aforesaid.