Lestes IIoltzmak, J.
In an action for a judicial separation
the plaintiff wife moves for temporary alimony and counsel fees. The action was commenced after September 1, 1967 and thus is governed by the amendments to the Domestic Eelations Law enacted in chapter 254 of the Laws of 1966. Accordingly, the plaintiff’s motion of necessity raises some fundamental questions involving the interpretation and effect of the new statute which should be resolved at the outset for the guidance of the Bar. Briefly, these questions are (1) whether in a separation action a motion for temporary alimony or counsel fees may be made before the expiration of 120 days from the service of the summons; (2) if so, what are the proper contents of the moving papers for such a motion, and (3) the effect of noncompliance with section 211 of the Domestic Eelations Law.
*740 Section 211 provides that an action for a divorce or separation shall be commenced by the service of a summons and that “ a verified complaint in such action may not be served until the expiration of one hundred twenty days from the date of service of the summons or the expiration of conciliation proceedings under article eleven-B of this chapter, whichever period is less. ” Conciliation proceedings apply only to divorce actions and have no application to separation actions. Accordingly, while in a divorce action it is permissible to serve a complaint in less than 120 days should the conciliation proceedings be terminated within that time, it is never permissible in a separation action to serve a complaint in less than 120 days. Obviously the Legislature intended to require a 120-day “ cooling off” period after the commencement of both separation and divorce actions before permitting the parties to solidify their positions in pleadings and thus make reconciliation more difficult. There is no other plausible reason for the mandatory 120-day delay. The Legislature, however, apparently did not deem it necessary to make provision for formal conciliation proceedings in separation actions. All that is required is the 120-day “ cooling off ” period.
Parties to a divorce action when involved in a conciliation proceeding are permitted and would seem required by section 215-e of the Domestic Eelations Law to make applications for temporary alimony and counsel fees to the Conciliation Commission. Since parties to a separation action do not get involved in conciliation proceedings, this section is inapplicable to them. Sections 236 and 237 of the Domestic Eelations Law, however, have not been changed by the new statute. Nor is there any provision in the new statute which appears to strip the court of its power to grant temporary alimony and counsel fees in separation actions. This court, therefore, is of the opinion that a motion for temporary alimony and counsel fees may still be made and entertained simultaneously with or immediately after the commencement of a separation action. This is consistent with the relief afforded parties to a divorce action under the aforesaid section 215-e and with the prior public policy of the State as expressed in sections 236 and 237, which is to enforce the general obligations of a husband to support his wife and children. (Cf. Brownstein v. Brownstein, 25 A D 2d 205.) This obligation does not cease to exist merely because of the statutory “ cooling off ” period.
The next question is whether there should be a change in what is required in the way of supporting papers upon a motion for temporary alimony and counsel fees in a separation action. Section 236 permits the court to 11 direct the husband to provide *741 suitably for the support of the wife as, in the court’s discretion, justice requires having regard to the circumstances of the case and of the respective parties. ” It has been the practice of the courts to require a wife moving for temporary alimony to establish by affidavit a reasonable probability of success in the action. This practice is based upon the law existing up to September 1, 1963, the effective date of section 236 of the Domestic Relations Law, that a ‘1 trial court was not authorized to grant an allowance for a wife’s support and maintenance where 8 s ® she was denied a separation for failure of proof (Civ. Prac. Act, § 1164; Kamman v. Kamman, 164 App. Div. 423; Neville v. Neville, 260 App. Div. 902; Kingston v. Kingston, 283 App. Div. 385). ” (Insetta v. Insetta, 20 A D 2d 544.) In the Insetta case, the Appellate Division, Second Department, held that under section 236 the court now has ‘1 discretionary power to grant an allowance to a wife for support and maintenance, notwithstanding failure of proof of the wife’s cause of action for separation. ” The same court has recently extended the rule to apply to temporary alimony as well as permanent alimony and has held that the failure of a plaintiff to show sufficient probability of success in the action is not in and of itself sufficient reason to require a denial of her motion. (Frank v. Frank, 26 A D 2d 837, 838.) The Frank ease holds that probability of success is no longer sine qua non to the granting of temporary alimony in separation actions. Nevertheless, it does not seem to hold that such probability is not a factor to be considered. Since Frank was decided prior to the effective date of the new statute, however, it has no direct application to the problem in the case at bar. What it does point out is that changes in other areas of the Domestic Relations Law do affect decisional law pertaining to temporary alimony and that such decisional law is not inflexible.
It is clear that a plaintiff in a separation action is now precluded from serving a complaint for 120 days after the service of the summons (Domestic Relations Law, § 211). This section would be rendered utterly useless if a wife were required or permitted to use an affidavit attempting to demonstrate probability of success during the said 120 days. It would be unreasonable to hold that the Legislature intended to permit a party to point up by affidavits and specifics that which it did not want the complaint to do by conclusions and generalities. An examination of section 215-e bears this out, for there, with respect to an application to the Conciliation Commissioner for temporary alimony and counsel fees in a divorce action, it is specifically provided that “ The relief sought shall be based on an affidavit of the party seeking the relief which shall relate only to the *742 financial ability and needs of the parties. ” If applications for temporary alimony and counsel fees are to be allowed during the “ cooling off ” period in separation actions, they should be governed by the same rule. Accordingly, the court holds that affidavits relating to matters other than financial ability and the needs of the parties are not required in support of motions for temporary alimony and counsel fees made during the period in which service of a complaint is prohibited. The court will not consider such affidavits and advises the Bar to observe the spirit of the new law and refrain from serving such affidavits, during the prohibited period. , ■
The last question pertains to the effect of a failure to comply with section 211. The court has no doubt that a complaint served during the prohibited time is a nullity and should be stricken. The question is whether the service of such a complaint so thwarts the purpose of the statute as to require the dismissal of the action. The court is inclined to believe that it should. Such drastic relief shall not now be ordered, however, since the statute is new and the Bar has not yet had an opportunity to become familiar with it. (Cf. Frey v. MVAIC, 11 A D 2d 693, affd. 9 N Y 2d 849; Rusnak v. Doby, 267 App. Div. 122; Knudson v. Flynn-Hill Elevator Corp., 49 Misc 2d 78, 81.) The Bar is apprised, nevertheless, that such indulgence shall not continue indefinitely.
In the instant case, simultaneously with the service of the summons, the plaintiff served a complaint and an extensive affidavit treating at length matters pertaining to the merits of the actiou as well as financial ability and need. The court has not considered the material contained in either the complaint or the affidavit except as the latter relates to financial circumstances of the parties. After consideration, of those parts of the plaintiff’s affidavit which have been properly interposed, the court grants the plaintiff’s motion to the extent that plaintiff is awarded $35 per week temporary alimony commencing September 28, 1967 and a counsel fee of $500, one half of which is to be paid within 30 days of the service of a copy of the order to be entered hereon and one half when the action first appears on the Beady Day Calendar for trial. Plaintiff is given leave to apply to the trial court for additional counsel fee. The defendant is directed to place the action on the calendar within 30. days after the joinder' of issue. On the court’s own motion, the complaint is stricken.