Louis B. Heller, J.
In this action for a judicial separation commenced by the service of a summons without a complaint, in accordance with the new statute (Domestic Relations Law, § 211), plaintiff wife seeks alimony, counsel fees and custody of the three-year-old child of the marriage. The moving papers are replete with detailed allegations of the husband’s cruelties and refusal to enter into sex relations, which plaintiff characterizes as ‘ ‘ constructive abandonment ’ ’.
The reason section 211 interdicts the service of a complaint with the summons is to eliminate the itemization of rancorous charges and countercharges of marital disharmony that only inflame the estranged spouses and impede endeavors to reconcile the parties. What is the point in proscribing a complaint alleging the acrimonious details, when the same incendiary elements, in all their spleenful specificity, are contained in an affidavit! The spirit as well as the letter of the statute must be observed.
The matrimonial Bar is put on notice that the moving papers in actions for divorce or separation may not include, besides information as to financial ability and need, anything but the broadest outline of the bare essentials of the cause or causes of action.
Plaintiff wife in the instant action seems to be tied to her widowed mother’s apron strings. Defendant swears that he loves his wife and pleads for her return to the marital abode. This is just another marriage that is experiencing the all too common ‘‘ mother-in-law syndrome ’ ’.
The attorneys for the parties, along with the mother-in-law, are directed to contact my Law Assistant, Mr. Geller, for an appointment in my chambers. Until the Legislature makes our Conciliation Bureau facilities available to couples such as the plaintiff and defendant herein (see Beanland v. Beanland, 54 Misc 2d 1010), the court will do what it can to save this salvageable marriage.
Since the plaintiff has sufficient means, at least for the immediate future, and since she seems to be comfortably ensconced in her mother’s one-family house, the award of alimony and counsel fee will be held in abeyance pending the preliminary conference *88 with the parties. However, the defendant is directed to send plaintiff $25 per week for the support of the child of the marriage until further notice.
Settle interim order providing for liberal visitation to defendant to be agreed upon by the parties.