Francis J. Bloustein, J.
Motions numbered 5256 and 5292 of even date are consolidated.
On September 7, 1967, plaintiff commenced an action for separation by service of a summons and complaint. She now moves for temporary alimony and counsel fees.
*722 Defendant opposes the application and moves for an order (a) to dismiss the complaint upon the ground that the service thereof is premature and contrary to section 211 of the Domestic Relations Law; (b) to dismiss the action because of plaintiff’s failure to serve a notice of commencement of the action with the Conciliation Bureau, pursuant to section 215-c of the Domestic Relations Law; or (c) in the alternative, to stay all proceedings with respect to the complaint and the motion for temporary alimony and counsel fees pending reference of all questions with respect thereto to the Conciliation Bureau.
The primary question presented is: When can a complaint in a separation action be served?
Section 211 of the Domestic Relations Law provides: “An action for divorce or separation shall be commenced by the service of a summons. A verified complaint in such action may not be served until the expiration of one hundred twenty days from the date of service of the summons or the expiration of conciliation proceedings under article eleven-B of this chapter, whichever period is less.”
Recent decisions by courts of concurrent jurisdiction, in construing this recently enacted statute, have held that a complaint may not be served in a separation action until 120 days after the service of a summons (Crocker v. Crocker, 54 Misc 2d 738; Nashick v. Nashick, N. Y. L. J., Oct. 23, 1967, p. 18, col. 6; Beanland v. Beanland, 54 Misc 2d 1010).
I am not in accord with the views expressed in the latter cited cases and disagree with the narrow construction which" leads to a manifest injustice to the parties in the separation action if they are compelled to wait 120 days after service of the summons before service can be made of the complaint.
The ensuing delay in the trial of the action increases marital bitterness and suffocates any hope of reconciliation of the parties, if such possibility exists. Moreover, the protracted delay, instead of a speedy trial, may result in severe hardship to either of the litigants or both of them. A classic example is the wife who is compelled to await the trial of the action for fixation of alimony and counsel fees. Another is where the award of temporary alimony is attacked by the wife as being wholly inadequate, while the husband claims excessiveness.
While the language of section 211. appears to be explicit, when read in connection with the entire article, the ambiguity is obvious. The courts must avoid an interpretation which causes objectionable results or leads to unreasonable, harmful . or absurd consequences (Matter of Anonymous, 40 Misc 2d 8, revd. on other grounds 20 A D 2d 395.)
*723 Here the section in question reads that the complaint “ may not be served until the expiration of one hundred twenty days from the date of service of the summons or the expiration of conciliation proceedings under article eleven-B of this chapter, whichever period is less.” However, article 11-B, which provides for the establishment of a conciliation bureau, its powers, duties and proceedings, relates solely to divorce actions (see § 215-a et seq.).
In People v. Ryan (274 N. Y. 149, 152) the court said: “ In the interpretation of statutes, the spirit and purpose of the act and the objects to be accomplished must be considered. The legislative intent is the great and controlling principle. Literal meanings of words are not to be adhered to or suffered to ‘ defeat the general purpose and manifest policy intended to be promoted; ’ all parts of the act must be read and construed together for the purpose of determining the legislative intent, and if the statute is ambiguous and two constructions can be given, the one must be adopted which will not cause objectionable results or cause inconvenience, hardship, injustice or mischief or lead to absurdity.”
In seeking legislative intent relating to the recently enacted amendments to the Domestic Relations Law, the court resorted to the 1966 Report of the Joint Legislative ‘Committee on Matrimonial and Family Laws to the Legislature of the State of New York, March 31, 1966. This report discloses that the proposed changes in the matrimonial law provided for conciliation proceedings in both separation and divorce actions. And that conciliation proceedings were to be limited to a maximum period of 120 days, with the expectation that the conciliation services would be of “ a short-term variety ” (see pp. 99-100).
It is reasonable to presume that the 120-day period fixed for the service of the complaint is to allow for the completion of conciliation proceedings. And that the time when service is to be effected is to be governed by the length of the conciliation proceedings, not by the expiration of 120 days from the date of the service of a summons.
A signpost of such intent is evidenced by the concluding clause in the statute (§ 211) “ or the expiration of conciliation proceedings under article eleven-B of this chapter, whichever period is less ” (italics added).
It is apparent that at a time prior to the enactment of chapter 254 of the Laws of 1966, conciliation proceedings were intended to be employed in both separation and divorce actions. When finally written and enacted, the amendment limited conciliation proceedings to divorce actions only. But section 211 was either *724 overlooked or not edited before final enactment to reflect the change resulting in the present ambiguity.
As article 11-B makes no provision for conciliation proceedings in separation actions, there is no need for the 120-day waiting period. Thus, a reasonable interpretation of the statute leads- me to conclude that the complaint in a separation action may be served simultaneously with the summons. And I now so hold.
With respect to the remainder of defendant’s application, the relief sought cannot be granted. The Conciliation Bureau is not empowered to entertain separation actions or any procedural aspect thereof.
Accordingly, defendant’s motion is denied in all respects.
Plaintiff’s motion for temporary alimony is granted. Defendant is directed to pay to the plaintiff temporary alimony in the sum of $200 weekly and, in addition thereto, to continue payment of the monthly rent of the marital apartment together with- the gas, electricity and telephone expenses thereof. With respect to an allowance of counsel fees, it appears that plaintiff has paid $4,000 to her attorneys. In the circumstances, the fixation of counsel fees should be left for the trial court. Accordingly, that branch of the motion for allowance of counsel fees is denied without prejudice to a renewal upon the trial of the action.