LORETTA B. (ANONYMOUS), Respondent, v. GERARD B. (ANONYMOUS), Appellant.

Second Department, July 15, 1968.

*John Hewitt Owen* for appellant.

*Marcus, Schenkman & Neiman (Boris Marcus* of counsel), for respondent.

CHRIST, ACTING P. J. The plaintiff sues for a separation on the grounds of abandonment and nonsupport. She is 19 years of age and the defendant is 21. The summons, complaint and notice of motion for temporary alimony and counsel fees were simultaneously served upon the husband on November 29, 1967. The court below *inter alia* awarded temporary alimony of $25 a week, counsel fees of $300 and medical and hospital costs for the expected birth of a child allegedly conceived prior to the marriage.

The major issue presented upon this appeal, one of first impression, is whether sections 211, 215-c and 215-e of the Domestic Relations Law (part of the recent innovation relating to conciliation proceedings) and section 236 of that statute permit Special Term to award temporary alimony and counsel fees to a plaintiff wife in a separation action prior to the expiration of 120 days from the date of service of the summons.

The wife's affidavit states that she had '' been going seriously '' with the husband for more than two years prior to the marriage. They had premarital sexual relations and she became pregnant (about August, 1967). The husband '' pressed for an immediate marriage '' upon learning of her pregnancy. A marriage ceremony was performed by and in the Chambers of a Justice of the Supreme Court in Brooklyn on November 8, 1967. The circumstances of the pregnancy were revealed to the Judge, who questioned the husband as to whether he really wanted to get married. The husband '' insisted '' that he did. Shortly after the marriage, without provocation or cause, the husband moved back to his mother's home and, although the wife has asked him to return, he has refused. Prior to the marriage the wife was earning a '' take home '' weekly salary of $72, but she left her job on the advice of her physician, due to her pregnancy. She is presently living in her parental home and estimates her weekly expenses to be $54. She is now '' entirely without funds and entirely without means of support.''

The husband's affidavit states that the parties '' are not and never were '' married. He claims that in August, 1967, the plaintiff informed him that she believed she was pregnant by him. At the time, he believed her. In order to give the child a name and avoid disgrace to the plaintiff, they agreed to obtain a marriage license and to thereafter '' pretend '' that they had gotten married. Their plan also included obtaining an apartment where the wife would live alone and the husband would be present only upon '' family occasions in order to create the appearance of a marriage.'' It was agreed that the husband

would "not have to support" the wife, but would pay her "$10 a week for support of the child." The plaintiff's parents learned of the pregnancy, "from that point on the pressure mounted for a 'wedding'" and by November 7, 1967, "the pressure was intense." The husband agreed to go "downtown" to "execute" the plan of pretending to get married. On November 8, 1967, relatives of the wife (not her parents) "insisted" upon accompanying them "downtown" and serving as "witnesses" to the ceremony. The husband further states that he was "merely physically present" at the ceremony; he had no intentions of actually being married; the wife knew of his intentions; and immediately after the ceremony he left the Judge's Chambers alone and never saw the wife again until being served with the process in this action. He states that he was the victim of "fraud" and "duress". He earns an average net weekly salary of $87 and has no other assets. He states that, of his own knowledge, "at the time of the ceremony the plaintiff had at least the sum of $1300 which she had saved from her salary."

The argument is made that section 211 of the Domestic Relations Law prohibits the service of a complaint in a separation action until the expiration of 120 days from the date of service of the summons, that a sufficient complaint is an indispensable prerequisite to an award of temporary alimony and counsel fees and that no such award may be granted until such time as the complaint may be properly served. This contention lacks merit.

Section 211 of the Domestic Relations Law expressly provides that an action for separation or divorce is to be commenced by the service of a summons only. A complaint may not be served until 120 days after the date of service of the summons or until the expiration of conciliation proceedings, whichever period is less. However, conciliation proceedings apply only to divorce actions and have no application to separation actions. (Domestic Relations Law, § 215-c). (But see L. 1968, ch. 701, amdg. Domestic Relations Law, § 211, eff. Sept. 1, 1968.) Accordingly, while in a divorce action it is permissible to serve a complaint in less than 120 days (should the conciliation proceedings be terminated within that time), it has been held that it is never permissible in a separation action to serve a complaint before the expiration of 120 days (*Palopoli* v. *Palopoli*, N. Y. L. J., Nov. 29, 1967, p. 21, col. 3; *Beanland* v. *Beanland*, 54 Misc 2d 1010; *Crocker* v. *Crocker*, 54 Misc 2d 738; cf. *Cohen* v. *Cohen*, 55 Misc 2d 721). As stated in *Crocker* (*supra*, p. 740), the obvious policy behind the "cooling off" period in separation and divorce actions is to avoid the solidification of the parties' positions in

pleadings, which, in effect, would hamper efforts at conciliation.

It does not follow that alimony may not be granted prior to the service of a complaint in a separation action. Such a result could leave a wife without the means of support for 120 days. As stated by Mr. Justice HELLER: " The mischief, in such an untenable construction * * * is that during the lengthy ' cooling off ' period the wife and children are left in a refrigerated limbo where, unless provided for, they are likely to freeze to death. That is, if they do not starve first " (*Beanland* v. *Beanland, supra,* p. 1011). Formerly, " a complaint sufficient in law [was] a prerequisite to the granting of temporary alimony," because a wife was required to demonstrate " probability of success " (*Armour* v. *Armour,* 275 App. Div. 941). Such a showing is no longer essential (*Frank* v. *Frank,* 26 A D 2d 837) and alimony may now be granted to a wife even if she fail to prove her cause of action on trial (Domestic Relations Law, § 236).

A wife in a *divorce action* may be awarded temporary alimony and counsel fees prior to the service of the complaint (Domestic Relations Law, § 215-e, which under § 215-c applies only to divorce actions); and there is no basis for finding that the Legislature intended to discriminate against a wife in a separation action by denying her that same relief. The recent statutory amendment to section 211 of the Domestic Relations Law (L. 1968, ch. 701, eff. Sept. 1, 1968) certifies the accuracy of this conclusion. We hold that an award for temporary alimony and counsel fees may be made in a separation action prior to the service of the complaint (*Beanland* v. *Beanland, supra; Crocker* v. *Crocker, supra; Palopoli* v. *Palopoli, supra*).

This holding raises a related issue. In divorce actions, applications for temporary alimony made during the statutory conciliation period must be determined on the basis of " an affidavit of the party seeking the relief which shall relate only to financial ability and needs of the parties " (Domestic Relations Law, § 215-e). Section 236 of the Domestic Relations Law has for several years permitted a court, in determining temporary and permanent alimony applications, to exercise its discretion " having regard to the circumstances of the case ". In view of the Legislature's intention that matrimonial controversies shall be free of accusatory material, inimical to the conciliation process (*Wolfson* v. *Wolfson,* 55 Misc 2d 86, 87; *Crocker* v. *Crocker,* 54 Misc 2d 738, 741–742, *supra*), we believe that the collective criterion of section 236 may no longer be utilized in determining temporary alimony applications made during the statutory conciliation period.

Since we hold that temporary support may be awarded in a separation action prior to the service of a complaint and since the Legislature has amended the new scheme to implement this obviously necessary remedy (L. 1968, ch. 701, eff. Sept. 1, 1968), we further conclude that the restrictions concerning financial allegations must also apply to support applications made during the conciliation period in separation actions (cf. *Palopoli* v. *Palopoli, supra; Wolfson* v. *Wolfson, supra; Beanland* v. *Beanland, supra; Crocker* v. *Crocker, supra*).

Thus, we hold that the husband's allegations of fraud and duress were not properly subject to consideration on the present application for support. We have examined the other contentions of the husband and find no basis to disturb the order under review, except that it is necessary to modify the order in one minor respect. The temporary alimony award was made retroactive to November 27, 1967, whereas the summons and notice of motion were served on November 29, 1967. The award can be retroactive only to the latter date (*Miceli* v. *Miceli*, 285 App. Div. 1187); we should modify accordingly; and, as so modified, the order should be affirmed insofar as appealed from, without costs.

BRENNAN, BENJAMIN, MUNDER and MARTUSCELLO, JJ., concur.

Order of the Supreme Court, Kings County, dated January 10, 1968, modified, on the law and the facts, by amending the date for commencement of temporary alimony payments from November 27, 1967 to November 29, 1967. As so modified, order affirmed insofar as appealed from, without costs.