NANCY MALIN, Respondent, v. HAROLD MALIN, Appellant.— In an action for separation, defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County, dated April 28, 1971, as granted plaintiff temporary alimony, child support and a counsel fee. Order affirmed insofar as appealed from, without costs and with leave to defendant to move at Special Term for a reduction of the support awards or for modification of the order in such manner as he may be advised and as Special Term may deem just and proper to effectuate compliance by plaintiff with the direction in the order to place the case on the calendar and to effectively provide for a speedy trial (*Lebovics* v. *Lebovics,* 34 A D 2d 783). Defendant's contention that the motion for temporary alimony, child support and a counsel fee was improperly granted due to the fact that a complaint had not been served and that plaintiff was living with defendant at the time of the commencement of the action is without merit (Domestic Relations Law, §§ 211, 236, 237). We are also of the opinion that, predicated on what was adduced below in the parties' conflicting affidavits, the award of $125 per week for temporary alimony and child support should not be disturbed, although we also note that that award should have no effect upon the Trial Judge in his determination as to whether permanent alimony and child support and additional counsel fees should

be awarded, and the amounts thereof if awarded (*Frank* v. *Frank*, 26 A D 2d 837; *Zeitlan* v. *Zeitlan*, 27 A D 2d 846). However, we repeat what has been frequently stated before — " the remedy for any seeming inequity in a direction for payment of temporary alimony based on conflicting affidavits is a speedy trial where the true facts as to the finances and standard of living of the parties can be ascertained, and plaintiff's right to alimony can be finally determined " (*Orenstein* v. *Orenstein*, 24 A D 2d 753). Accordingly, we have considered it appropriate to indicate our recognition of defendant's right to a speedy trial and his right to avail himself of such remedy as he may be advised and as the court may deem just and proper, to expedite trial. Hopkins, Acting P. J., Shapiro, Gulotta, Christ and Benjamin, JJ., concur.