T.R. v E.R.G. (2026 NY Slip Op 50390(U))

[*1]

T.R. v E.R.G.

2026 NY Slip Op 50390(U)

Decided on March 18, 2026

Supreme Court, Westchester County

Hyer, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 18, 2026
Supreme Court, Westchester County

T.R., Plaintiff,

againstE.R.G., Defendant.

Index No. XXXXX

Plaintiff's Counsel: [Redacted] 
Defendant's Counsel: [Redacted]

James L. Hyer, J.

The following 4 documents, were considered in connection with the Plaintiff's motion by order to show cause, dated March 12, 2026, (hereinafter "Motion Sequence No. 1"), seeking the entry of an Order granting the following relief:
1. ORDERED that Defendant E.R.G. shall pay temporary spousal maintenance to Plaintiff T.R. in an amount to be determined by the Court pursuant to Domestic Relations Law §236(B) in order to provide Plaintiff with financial support during the pendency of this divorce action; and it is further2. ORDERED that Defendant E.R.G. shall pay interim attorney's fees to Plaintiff's counsel in the amount of at least $4,500.00 or as much as the court determines is reasonable so that Plaintiff may properly prosecute this action and protect her rights; and it is further3. ORDERED that Defendant shall provide proof of his income, employment, and financial resources, including but not limited to pay stubs, tax returns, and other employment records reflecting his annual income of approximately $110,000 earned through his employment in construction; and it is further4. ORDERED that Plaintiff currently remains residing in the marital residence and, due to her limited income and current unemployment status, requires financial assistance during the pendency of this action; and it is further5. ORDERED that such other and further relief be granted as the Court may deem just and proper.
PAPERS DOC. NO.

Order to Show Cause/Affidavit of Plaintiff/Attorney Affirmation in Support/
Exhibits "A-B"[FN1]
1-4 [FN2]
Relevant Factual and Procedural BackgroundOn March 12, 2026, this matrimonial action was commenced with the filing of a summons and complaint (hereinafter collectively "Complaint"),[FN3]
seeking a judgment of divorce dissolving the parties' marriage pursuant to New York State Domestic Relations Law (hereinafter "DRL") § 170(7), based on an irretrievable breakdown of the parties' relationship for a period in excess of six months, noting that there are no children of the marriage, and seeking other ancillary relief. Simultaneously, Plaintiff filed the following notices: (1) notice of automatic orders; (2) notice concerning continuation of health care coverage; and, (3) notice of guideline maintenance (hereinafter "Matrimonial Notices").[FN4]
This Court notes that there is no proof of service filed by Plaintiff showing that Defendant was served with either the Complaint or the Matrimonial Notices.
On March 12, 2026, Plaintiff filed a request for judicial intervention,[FN5]
simultaneously with Motion Sequence No. 1,[FN6]
seeking the above-referenced relief. Of note, in support of Motion Sequence No. 1, Plaintiff provides an affidavit (hereinafter "Plaintiff's Affidavit"),[FN7]
an attorney affirmation (hereinafter "Attorney Affirmation"),[FN8]
and Exhibits "A" and "B", being e-mail communications received from the Defendant purportedly regarding the separation of assets (hereinafter collectively "Defendant's Communications").[FN9]
Importantly, there are no further supporting documents provided in connection with Motion Sequence No. 1.
On March 13, 2026, a notice of appearance [FN10]
was filed by [Redacted], Esq. (hereinafter "Defendant's Counsel") which initially states that counsel is appearing on behalf of "Defendant, E.R.G.", but thereafter within her signature line states she is the attorney for "Plaintiff". This Court notes that Defendant's Counsel consented to representing the Defendant under NYSCEF's "case detail" section and as such the Court gleans that the notice of appearance simply included a typographical error in the signature line, intending for counsel to appear for Defendant.
No further submissions have been made with respect to Motion Sequence No. 1, for which this Court must decline to sign for the reasons set forth herein.
Legal Analysis
A. This Court Lacks Jurisdiction Over Defendant.
New York State Civil Practice Law and Rules (hereinafter "CPLR") § 304 directs that an action may be commenced by filing a summons and complaint or summons with notice and a proceeding may be commenced with the filing of a petition pursuant to CPLR § 2102.
CPLR § 3012 directs the manner by which service of pleadings shall be made and when a demand for complaint is appropriate. Specific, to the subject matter, CPLR § 3012(b) sets forth the following:
"(b) Service of complaint where summons served without complaint. If the complaint is not served with the summons, the defendant may serve a written demand for the complaint within the time provided in subdivision (a) of rule 320 for an appearance. Service of the complaint shall be made within twenty days after service of the demand. Service of the demand shall extend the time to appear until twenty days after service of the complaint. If no demand is made, the complaint shall be served within twenty days after service of the notice of appearance. The court upon motion may dismiss the action if service of the complaint is not made as provided in this subdivision. A demand or motion under this subdivision does not of itself constitute an appearance in the action."CPLR § 320 addresses the manner and timeframe by which a Defendant may appear when served with pleadings. Specific to the subject matter, CPLR § 320(a) sets forth the following when service is made of a summons on a defendant in the State of New York:
"(a) Requirement of appearance. The defendant appears by serving an answer or a notice of appearance, or by making a motion which has the effect of extending the time to answer. An appearance shall be made within twenty days after service of the summons, except that if the summons was served on the defendant by delivering it to an official of the state authorized to receive service in his behalf or if it was served pursuant to section 303, subdivision two, three, four or five of section 308, or sections 313, 314 or 315, the appearance shall be made within thirty days after service is complete. If the complaint is not served with the summons, the time to appear may be extended as provided in subdivision (b) of section 3012."Here, Plaintiff fails to file any proof of service of the Complaint, which was filed simultaneously with Motion Sequence No. 1, thereby making it impossible for this Court to [*2]determine if Defendant has been served, and if so what is the statutory time by which he has to appear/answer the Complaint.
Furthermore, based on a commonsense reading of Motion Sequence No. 1, taking all requests for relief as presented, it appears that Plaintiff is seeking the immediate entry of an Order on an ex parte basis directing all relief set forth in Motion Sequence No. 1, also seeking the same relief on a final basis after briefing the pending application. While this Court notes that Defendant's Counsel filed a notice of appearance the day following the filing of Motion Sequence No. 1, no such appearance was made at the time of filing of Motion Sequence No. 1, and the notice of appearance does not acknowledge service of the pleadings, but instead "demands that all papers in this action be served upon the undersigned at the office and post office address stated below," also noting, "this appearance does not waive any affirmative defense otherwise available to the Plaintiff."[FN11]
Further, since Defendant's Counsel's appearance, Plaintiff has not filed any affidavits of service of the pleadings or Motion Sequence No. 1, Defendant has taken no position with respect to ex parte relief sought in Motion Sequence No. 1; and, no answer or responsive motion has been filed by Defendant. Accordingly, this Court must now determine if it is appropriate for a Plaintiff to obtain relief, ex parte or otherwise, from a Defendant whose statutory time to appear has not yet expired.
Pursuant to CPLR § 2211, motions may be made by notice of motion wherein the movant may set the return date and the briefing schedule is set by statute or by order to show cause wherein the court sets the return date, briefing schedule and makes any determinations as to ex parte relief sought during the pendency of the motion practice. A motion is deemed made when it is served (see Ortega v. Trefz, 44 AD3d 2007 [2d Dept 2007]), which remains true when a motion is made by order to show cause, which is not deemed made by the mere filing of such application with the court, seeking for it to be conformed and ex parte relief granted (see Voice Communications v. Bello, 12 Misc 3d 318 [Sup. Ct. Nassau Cnty 2006]). "Ex parte applications are generally disfavored by the courts, unless expressly authorized by statute, because of the attendant due process implications caused by proceeding without notice (see Fosmire v. Nicoleau, 144 AD2d 8 [2d Dept 1989]).
With respect to when a motion may be made, including prior to the appearance of the defendant, one commentary noted:
"Neither the CPLR nor the Domestic Relations Law imposes any explicit restriction on the timing of a pendente lite motion. Such a motion may, therefore, be made at any time prior to trial, even before the service of a complaint in the action. However, in one case where the motion papers were served upon the defendant simultaneously with the summons commencing the action, and were made returnable just eleven days later, the procedure was held to be an improper reduction of the defendant's statutory twenty-day period in which to appear in the action and the motion was denied without prejudice to renewal. (see, 2 New York Matrimonial Law and Practice § 17:16).Upon review of the case cited in the commentary, Iavarone v. Iavarone, NYLJ Vol. 185, No. 29, February 11, 1981 [Sup. Ct. Suffolk Cnty 1981], similar to this matter, Plaintiff filed a matrimonial action and immediately sought pendente lite relief. In denying the relief the court [*3]provided the following analysis:
"Ordered that this motion by plaintiff for maintenance to the extent of carrying charges, utilities, etc., exclusive use and occupancy and counsel fees, all pendente lite, is disposed as set forth below.This action was commenced by personal service of a summons with notice of Jan. 22 1981. Simultaneously with the summons, plaintiff served a notice of the instant motion returnable Feb. 2, 1981.* * *He has not yet appeared in the action and has not submitted opposition to the motion.Under the former provisions of the New York divorce law which provided for a 120 day cooling off period between the service of the summons and the service of the complaint, a question arose as to whether an application for temporary alimony and child support could be made prior to the service of a complaint (Malin v. Malin, 37 AD2d 841; Loretta v. Gerard, 30 AD2d 347). The question was answered in the affirmative upon the rationale that the needs of a spouse and children could not be ignored for four months. Our statute no longer provides for a cooling off period. Policy considerations surrounding applications for temporary maintenance and child support would now appear to militate against the practice of serving such motion simultaneously with a summons and notice. Case law appears to encourage voluntary payments and discourage requests for court intervention in the absence of a showing of necessity (see Heller v. Heller, 38 AD2d 526; Spellman v. Spellman, 33 AD2d 683; Walsh v. Walsh, 22 AD2d 937).In the instance case, however, there is no need to look to policy considerations. Here the application as made returnable before the twenty day period for Defendant to appear had expired. To permit such an application would have the effect of amending the CPLR to reduce the period to ten days. A defendant should not be penalized for availing himself of the full statutory period for securing legal representation."Similar to Iavarone, the instant application was made prior to expiration of the time period for Defendant to appear. While this motion was made by order to show cause rather than by notice of motion, the dates for the submission of briefs and return date for the motion could be set by this Court after the deadline for Defendant to appear if this Court had received proof of service of the pleadings, which it has not, thus preventing this Court from calculating such expiration date. Moreover, the requests by Plaintiff for immediate ex parte relief are being sought without Defendant having exhausted his statutory time to appear, or interpose answering submissions or motions of any kind. Again, while Defendant's Counsel has filed a notice of appearance, this application was made prior to that filing, and since, no acknowledgement of service, answering submissions, or motions have been made. Therefore, this Court at the very least must deny the requested ex parte relief, as granting same even if otherwise appropriate, would constitute an impermissible due process violation for Defendant who is entitled to appear and be heard as to the relief requested following this Court ascertaining jurisdiction over him as a party to this litigation. For this reason alone, this Court must decline to sign the order to show cause pertaining to Motion Sequence No. 1.
B. Defective Motion Papers.
Even assuming the above-referenced this Court had the requisite jurisdiction to entertain the requested relief, the entirety of Plaintiff's motion papers are defective requiring this Court to [*4]disregard same which would require this Court to decline the requested relief.
[1] Affirmation of Plaintiff's Counsel
Pursuant to New York Civil Practice Law and Rules (hereinafter "CPLR") § 2106, the statement of any person wherever made, subscribed and affirmed by that person to be true under the penalties of perjury, may be used in an action in New York in lieu of and with the same force and effect as an affidavit. Such affirmation shall be in substantially the following form:
"I affirm this ____ day of ____, ____, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.(Signature)" (CPLR § 2106)."An affirmation which fails to comport with the requirements of CPLR § 2106, shall be inadmissible and must be disregarded by the Court (see Great Lakes Insurance SE v. American Steamship Owners Mutual Protection and Indemnity Association Inc., 228 AD3d 429 [1st Dept 2024]). Here, the Attorney Affirmation fails to include the language required by statute as it does not include the following: "under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law."
For this reason alone, the Attorney Affirmation must be disregarded by this Court as an unsworn document submitted in support of Motion Sequence No. 1.
[1] Affidavit of Plaintiff
Pursuant to CPLR § 2309(c) out of state oaths and affirmations may be taken in the following manner:
"Oaths and affirmations taken without the state. An oath or affirmation taken without the state shall be treated as if taken within the state if it is accompanied by such certificate or certificates as would be required to entitle a deed acknowledged without the state to be recorded within the state if made in accordance with the provisions of this section."This statute works in concert with provisions of the New York State Real Property Law (hereinafter "RPL"), including RPL § 299 which directs who may complete an acknowledgment outside the State of New York:
"1. The acknowledgment or proof of a conveyance of real property situate in this state, if made without the state but within the United States, within any territory, possession, or dependency of the United States, or within any place over which the United States, at the time when such acknowledgment or proof is taken, has or exercises jurisdiction, sovereignty, control, or a protectorate, may be made before any of the following officers acting within his territorial jurisdiction or within that of the court of which he is an officer:(a) A judge or other presiding officer of any court having a seal, or the clerk or other certifying officer thereof.(b) A mayor or other chief civil officer of any city or other political subdivision.(c) A notary public.(d) A commissioner of deeds appointed pursuant to the laws of this state to take acknowledgments or proofs without this state.(e) Any person authorized, by the laws of the state, District of Columbia, territory, possession, dependency, or other place where the acknowledgment or proof is made, to take the acknowledgment or proof of deeds to be recorded therein.2. The signature and title of an officer listed in subdivision one of this section who performs a notarial act in another state are prima facie evidence that the signature is genuine and that the individual holds the designated title.3. The signature and title of a notarial officer described in paragraph (a), (c) or (d) of subdivision one of this section conclusively establish the authority of the officer to perform the acknowledgment or proof of a conveyance."RPL § 309-b then sets forth the form in which an acknowledgement taken outside the State of New York may be taken:
"1. The certificate of an acknowledgement, without this state, of a conveyance or other instrument with respect to real property situate in this state, by a person, may conform substantially with the following form, the blanks being properly filled:State, District of Columbia, Territory, Possession, or Foreign Country) ss.:On the ______ day of ______ in the year ______ before me, the undersigned, personally appeared ______, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.(Signature and office of individual taking acknowledgement.)2. The certificate for a proof of execution by a subscribing witness, without this state, of a conveyance or other instrument made by any person in respect to real property situate in this state, may conform substantially with the following form, the blanks being properly filled:State, District of Columbia, Territory, Possession, or Foreign Country) ss.:On the ______ day of ______ in the year ______ before me, the undersigned, personally appeared ______, the subscribing witness to the foregoing instrument, with whom I am personally acquainted, who, being by me duly sworn, did depose and say that he/she resides in ______ (if the place of residence is in a city, include the street and street number, if any, thereof); that he/she knows ______ to be the individual described in and who executed the foregoing instrument; that said subscribing witness was present and saw said ______ execute the same; and that said witness at the same time subscribed his/her name as a witness thereto.(Signature and office of individual taking proof.)3. No provision of this section shall be construed to:(a) modify the choice of laws afforded by sections two hundred ninety-nine-a and three hundred one-a of this article pursuant to which an acknowledgement or proof may be taken;(b) modify any requirement of section three hundred seven of this article;(c) modify any requirement for a seal imposed by subdivision one of section three [*5]hundred eight of this article;(d) modify any requirement concerning a certificate of authentication imposed by section three hundred eight, three hundred eleven, three hundred twelve, three hundred fourteen, or three hundred eighteen of this article; or(e) modify any requirement imposed by any provision of this article when the certificate of acknowledgment or proof purports to be taken in the manner prescribed by the laws of another state, the District of Columbia, territory, possession, or foreign country.4. A certificate of an acknowledgement or proof taken under section three hundred of this article shall include the additional information required by that section.5. For the purposes of this section, the term "person" means a person as defined in subdivision four of section three hundred nine-a of this article.6. The inclusion within the body (other than the jurat) of a certificate of acknowledgment or proof made under this section of the city or other political subdivision and the state or country or other place the acknowledgment was taken shall be deemed a non-substantial variance from the form of a certificate authorized by this section."While often viewed as a ministerial act, the notarization of a document is a function which should be engaged in with the utmost caution as observed by one trial court, "[t]his is a responsibility that should not be taken lightly and that ensures the integrity and validity of highly important documents such as designating and nominating petitions of candidates for public office. Yellin should have a heightened awareness of the importance of his testimony at these proceedings, lest the requirement of a notarized petition be nothing more than a rubber stamp with the potential for fraud" (Imre v. Johnson, 20 Misc 3d 1139(A) (Sup. Ct. Nassau Cnty. 2008]).
Herein, Plaintiff's Affidavit was notarized by Plaintiff's counsel who affixed a notary seal indicating that he is a notary public commissioned in the State of New Jersey with a commission expiring on 6/15/2027 and incudes a jurat that includes the following:
"State of New York ):ssCounty of ________)"
Accordingly, to the extent this document was notarized outside the State of New York, it does not contain an acknowledgement sufficient to meet the statutory requirements set forth above, is void and the affidavit must be disregarded.

To the extent that the document was notarized within the State of New York it must also be disregarded as a notary public must be licensed within the State of New York to notarize documents within the State of New York (see New York State Executive Law (hereinafter "NY EXEC") §§ 130, 131, 132, 133, and 135); and, it is expressly prohibited for a person to hold themselves out as a notary public without the authority to do so (see NY EXEC § 135-a[1]). While this Court is unaware if Plaintiff's counsel, in addition to being a notary public licensed in the State of New Jersey is also licensed as a notary public in the State of New York, as the only notary seal affixed to the subject document addresses his New Jersey licensure and no separate assertions are made that Plaintiff's counsel has such New York State licensure elsewhere in the submissions, this Court must determine that notarization defective and therefore is required to disregard the Plaintiff's Affidavit.
As Plaintiff's Affidavit is defective and must be disregarded, none of the annexed exhibits may be considered with respect to the application, leaving this Court with no [*6]submissions that may be considered with respect to the instant application if it was to proceed, providing another basis for this Court to decline to conform the order to show cause or grant the requested ex parte relief. 
C. Failure To Provide Comply With Court Rules and Statutes When Seeking Interim Relief.
The Uniform Civil Rules For The Supreme Court & The County Court, 22 NYCRR § 202.1 — 202.72 (hereinafter "22 NYCRR") apply to civil actions and proceedings pending in both the Supreme and County Courts in the State of New York. Notably, 22 NYCRR § 202.16, relates specifically to: "[m]atrimonial actions, calendar control of financial disclosure in actions and proceedings involving alimony, maintenance, child support and equitable distribution; motions for alimony, counsel fees pendente lite, and child support; special rules" (hereinafter "Matrimonial Rules").
Within the Matrimonial Rules, 22 NYCRR § 202.16(k) provides the following rules and directives related to the filing of motions related to the request for alimony, maintenance, counsel fees pendente lite and child support, the pertinent portions of which read as follows: 
"(k) Motions for Alimony, Maintenance, Counsel Fees Pendente Lite and Child support (other than under section 237(c) or 238 of the Domestic Relations Law).Unless, on application made to the court, the requirements of this subdivision be waived for good cause shown, or unless otherwise expressly provided by any provision of the CPLR or other statute, the following requirements shall govern motions for alimony, maintenance, counsel fees (other than a motion made pursuant to section 237(c) or 238 of the Domestic Relations Law for counsel fees for services rendered by an attorney to secure the enforcement of a previously granted order or decree) or child support or any modification of an award thereof:(1) Such motion shall be made before or at the preliminary conference, if practicable.(2) No motion shall be heard unless the moving papers include a statement of net worth in the official form prescribed by subdivision (b) of this section.(3) No motion for counsel fees and expenses shall be heard unless the moving papers also include the affidavit of the movant's attorney stating the moneys, if any, received on account of such attorney's fee from the movant or any other person on behalf of the movant, the hourly amount charged by the attorney, the amounts paid, or to be paid, to counsel and any experts, and any additional costs, disbursements or expenses, and the moneys such attorney has been promised by, or the agreement made with, the movant or other persons on behalf of the movant, concerning or in payment of the fee. Fees and expenses of experts shall include appraisal, accounting, actuarial, investigative and other fees and expenses (including costs for processing of NYSCEF documents because of the inability of a self-represented party that desires to e-file to have computer access or afford internet accessibility) to enable a spouse to carry on or defend a matrimonial [*7]action or proceeding in the Supreme Court . . . " [emphasis added].[FN12]
Consequently, the Matrimonial Rules make clear that any motion filed seeking alimony, maintenance or counsel fees pendente lite, must include in support of the motion papers, a statement of net worth in order to be heard by this Court (see Milchin v. Milchin, 244 AD3d 420 [1st Dept 2025] ["The motion court appropriately exercised its discretionary denial of the father's applications for attorney's fees. The father failed to include the required statement of net worth, or comparable statement evidencing his income in either of his applications as required pursuant to Domestic Relations Law §§ 237, 238 and 22 NYCRR 202.16(k)(2). Nor was there good cause shown by the father establishing why the court should dispense with that requirement. Furthermore, the record before the motion court was devoid of any evidence which it could have considered to be in 'substantial compliance' with the prescribed statement of net worth form (22 NYCRR 202.16[b]" (internal citations omitted)].
Additionally, the recent decision in Molner v. Molner, 243 AD3d 528 [1st Dept 2025] confirms this is not only a requirement at the beginning of a litigation, when statements of net worth and financial disclosure may be filed in court for the first time, but also as litigation progresses forward, requiring that updated and current statements of net worth with supporting documentation is always necessary when making an application for maintenance and counsel fees, pendente lite:
"The [trial] court improperly granted plaintiff husband's application for interim relief by directing defendant wife to pay a percentage of certain child support add-on expenses, effectively modifying the parties' financial agreement and judgment of divorce before the anticipated financial hearing. The court made this determination notwithstanding the husband's failure to attach a current sworn statement of net worth as required by 22 NYCRR 202.16(k)(2) and his failure to provide his most recently filed tax returns or any financial documentation (see Neufeld v. Neufeld, 135 AD3d 570, 570, 22 N.Y.S.3d 854 [1st Dept. 2016]). The husband's argument that the net worth statements he submitted in 2015 and 2018, neither of which were annexed to this application, satisfied the statutory requirement is unavailing. He filed the instant application six years after he submitted his most recent net worth statement and does not attest that *529 either statement reflects his current financial situation" (Id. at 529) [emphasis added].This Court notes that the Appellate Division, Second Department has permitted the use of CPLR § 2001 to disregard a party's "mistake, omission, defect or irregularity . . . if a substantial right of a party is not prejudiced" in order to accept and make determinations regarding motions in a matrimonial action seeking an award of maintenance, or counsel fees. However, the subject application is distinguished from those which have undergone appellate review. For example, the Court in Zelenka v. Hertz, 230 AD3d 539 [2d Dept 2024], found that the lower court could review and consider the plaintiff's statement of net worth, "which was filed simultaneously with, but separate from, the plaintiff's moving papers, and her retainer agreement and invoices, which were submitted for the first time in her reply papers, as the defendant had an opportunity to respond and to submit papers in surreply" (Id. at 540).
Here, no such attempt to cure this fatal defect was made by Plaintiff. No attempts or requests have been made to allow further filings to provide the additional support required by 22 NYCRR § 202.16(k), nor was there good cause shown by Plaintiff within Motion Sequence No. 1, establishing why this Court should dispense with that requirement. In fact, both the Attorney Affirmation and Plaintiff's Affidavit were silent as to the necessary requirement to provide this Court with a statement of net worth prior to filing such an application. Additionally, with respect to Plaintiff's request for interim counsel fees, this Court has already disregarded the Attorney Affirmation based on its failure to comply with CPLR § 2106, and as such Plaintiff cannot rely on the statements made therein to support such a claim; and, Plaintiff further failed to provide any additional sworn statements, copies of invoices and/or any retainer agreement or other documents in support which state the hourly amount charged by the attorney, the amounts paid, or to be paid, to counsel. Consequently, this yet another reason why this Court cannot conform the order to show cause or grant any of the ex parte relief requested.
D. Failure to Submit 22 NYCRR § 202.7(f) Affirmation.
Even if this Court had the requisite jurisdiction over Defendant to proceed with this application, none of the defects existed in the submissions filed in support of the application, and the further necessary supporting documents were furnished by Plaintiff, denial of the requested ex parte relief would remain warranted due Plaintiff's failure to comply with the Uniform Civil Rules for the Supreme Court and the County Court (hereinafter "N.Y.Ct.Rules") § 202.7. This rule requires that Plaintiff either have contacted Defendant/Defendant's counsel regarding the relief requested prior to filing the subject application or set forth the exigent circumstances why such communication was not warranted prior to the application being made, neither of which were done in this instance.
N.Y.Ct.Rules § 202.7 sets forth the manner by which motions may be filed, including those seeking ex parte relief made by order to show cause requiring an affirmation of good faith that communication with the adversary was made prior to filing of the application:
"(a) There shall be compliance with the procedures prescribed in the CPLR for the bringing of motions. In addition, except as provided in subdivision (d) of this section, no motion shall be filed with the court unless there have been served and filed with the motion papers (1) a notice of motion and (2) with respect to a motion relating to disclosure or to a bill of particulars, an affirmation that counsel has conferred with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion.* * *(d) An order to show cause or an application for ex parte relief need not contain the notice of motion set forth in this section, but shall contain the affirmation of good faith set forth in this section if such affirmation otherwise is required by this section."N.Y.Ct.Rules § 202.7(f) pertains to applications made for ex parte relief when no notice is afforded to the opposing party when exigent circumstances are alleged to exist where such good faith communications is impossible:
"Any application for temporary injunctive relief, including but not limited to a motion for a stay or a temporary restraining order, shall contain, in addition to the other information required by this section, an affirmation demonstrating there will be significant prejudice to the party seeking the restraining order by giving of notice. In the absence of a showing [*8]of significant prejudice, the affirmation must demonstrate that a good faith effort has been made to notify the party against whom the temporary restraining order is sought of the time, date and place that the application will be made in a manner sufficient to permit the party an opportunity to appear in response to the application. This subdivision shall not be applicable to orders to show cause or motions in special proceedings brought under Article 7 of the Real Property Actions and Proceedings Law, nor to orders to show cause or motions requesting an order of protection under section 240 of the Domestic Relations Law, unless otherwise ordered by the court."Here, Plaintiff failed to file an affirmation pursuant to N.Y.Ct.Rules § 202.7, demonstrating either good faith efforts to communicate with the adversary pertaining to the relief sought or asserting exigency that prohibited such communication. Accordingly, aside from all of the other issues raised herein, even if this Court had conformed the order to show cause pertaining to Motion Sequence No. 1, the requested ex parte relief would have been denied.
E. Other Relief.
To the extent relief is not granted or otherwise addressed herein, it is hereby denied.
Accordingly, it is hereby
ORDERED that Motion Sequence No. 1 is hereby denied without prejudice; and it is further
ORDERED that to the extent any relief requested has not been granted or otherwise addressed herein, it is hereby denied; and it is further
ORDERED that by March 20, 2026, Plaintiff's counsel shall serve a copy of this Decision and Order with Notice of Entry on Defendant and Defendant's Counsel via NYSCEF filing; and by March 20, 2026 shall file a copy of the Notice of Entry and proof of service; and it is further
ORDERED that by April 2, 2026, Plaintiff's counsel shall file proof of service of the Complaint and Matrimonial Notices; and it is further
ORDERED that by April 2, 2026, both Plaintiff's counsel and Defendant's counsel shall file a fully executed engagement agreement pertaining to this action; and it is further
ORDERED that a preliminary conference shall be held on April 3, 2026, at 9:00 a.m., wherein all parties and counsel shall appear.
The foregoing constitutes the Decision and Order of the Court.
Dated: March 18, 2026White Plains, New YorkENTER:HON. JAMES L. HYER, J.S.C.

Footnotes

Footnote 1:Note: As will be discussed herein, there are no answering submissions filed as this Decision only addresses this Court's determination not to conform the subject order to show cause.

Footnote 2:This Court notes that Plaintiff's Exhibits "A" and "B", while intended to be separate exhibits, were filed as one NYSCEF Document [NYSCEF Doc. No. 6] and therefore this Court will consider these Exhibits as one document for the purpose of enumerating the papers filed with the Court. 

Footnote 3:See, NYSCEF Doc. No. 1.

Footnote 4:See, NYSCEF Doc. No. 2.

Footnote 5:See, NYSCEF Doc. No. 7.

Footnote 6:See, NYSCEF Doc. Nos. 3-6.

Footnote 7:See, NYSCEF Doc. No. 4.

Footnote 8:See, NYSCEF Doc. No. 5.

Footnote 9:See, NYSCEF Doc. No. 6.

Footnote 10:See, NYSCEF Doc. No. 9.

Footnote 11:See, NYSCEF Doc. No. 9.

Footnote 12:See, 22 NYCRR § 202.16(k)(1-3).