■ In the Matter of KEARNEY-GALLAGHER CORP., Petitioner, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.— Proceeding under article 78 of the CPLR to review a determination of the State Liquor Authority which canceled petitioner's special on-premises liquor license. Determination unanimously modified, on the law, to the extent of annulling such cancellation and substituting therefor a provision that petitioner's license be suspended for 10 days; and as so modified determination confirmed, without costs or disbursements. In our opinion, upon the record before us, and in view of the nature of the violation and petitioner's unblemished record, cancellation of petitioner's license was so disproportionate to the offense committed by petitioner as to constitute an abuse of discretion, and the penalty should have been limited to the suspension as indicated herein. Concur — Eager, J. P., Capozzoli, Tilzer, Nunez and Steuer, JJ.

■ HENRY SPELLMAN, Appellant, v. ROBERTA SPELLMAN, Respondent.— Order entered September 15, 1969, granting defendant wife's motion for temporary alimony and counsel fees in an action for divorce, unanimously reversed on the law, on the facts, and in the exercise of discretion, without costs and without disbursements to either party, and the motion denied, but with leave to defendant wife to apply to the trial court for the relief sought on the motion. These parties were married in 1935, becoming separated in 1968. Since the separation the wife has continued to occupy alone the marital apartment, a co-operative, the rent of which has concededly been paid by the husband on a voluntary basis. Similarly, the husband has paid all the utilities, gas, electricity, telephone, medical and dental bills, together with the sum of $80 per week. There is an indication the wife has some not insignificant assets of her own. Her estimation of his wealth is seriously challenged by him. In any event, there is no showing of anything approximating genuine necessity on her part for temporary relief. To the contrary, prima facie, she is still living on a not unreasonable preseparation standard. That is all she is entitled to. (*Hunter* v. *Hunter,* 10 A D 2d 291.) As we have before indicated, applications of this character are discouraged, failing a showing of the necessity of temporary relief, particularly when as here, a trial is imminent, and manifestly a trial court is in a better position to make appropriate provisions in all respects. (*Gladstone* v. *Gladstone,* 23 A D 2d 649.) Concur — Stevens, P. J., Eager, McGivern, Markewich and Nunez, JJ.