■ SUZANNE BRAGA, Respondent, v AMES BRAGA, Appellant. — Order, Supreme Court, New York County (Gomez, J.), entered January 27, 1981, granting plaintiff's cross motion for temporary maintenance, is unanimously reversed to the extent appealed from, on the law and the facts, and in the exercise of discretion, without costs, and plaintiff's cross motion to the extent that it seeks temporary maintenance is denied. The parties have been married seven years. There are no children of the marriage. The wife is 27 years old and in good health and with some employment and business experience. She is now enrolled as a student for a graduate degree, as to which she expects to complete her studies at the end of the present academic year, i.e., late May or early June, 1981. The standard of living of the parties has been high. Both husband and wife have substantial assets, the husband's, however, being substantially more than those of the wife. The husband has an admitted net worth of $700,000, much of it however in illiquid form. He is employed by a bank at a salary of $29,000 per year. The wife has a trust fund with a market value as of March, 1979 of over $96,000 from which she derives an income of approximately $6,000 per year. As a result of the sale of the parties' co-operative apartment in November, 1979 there was realized $175,000, of which $132,000 represented a gain prior to a $45,000 obligation for capital gains taxes. At this point the record becomes quite confused. Apparently the proceeds, or a substantial portion of them, were invested in Treasury notes. It is clear that in or about May-August, 1980, the wife gained control (rightly or wrongly) of $55,000 of those Treasury notes. There are other transactions which may or may not constitute duplications, e.g., $38,451 (including over $10,000 gains on option transactions) which she had in an account with Shearson, Loeb and Rhoades (a brokerage house) in May, 1980; $60,000 in checks, presumably the proceeds of Treasury notes remitted to her from another brokerage account in August, 1980. The wife has given a number of inconsistent explanations of these transactions, both in her affidavit and in the brief in this court. Thus, at one point she says she has used the Treasury notes and the cash to live and to pay debts, and in another there are indications that she has the Treasury notes. However, there seems to be no doubt that within the last year the wife has obtained $55,000 Treasury notes and/or $60,000 cash proceeds thereof, plus her income from her trust fund plus assistance from her family. In addition, the husband has been complying with the provision of the order providing for $350 per week temporary maintenance. The appeal was submitted to us on May 6, 1981; by the time this decision is released the wife will presumably have completed her graduate study for her master's degree. In all the circumstances, we think that she should not be allowed temporary maintenance. As is always true, the determination as to temporary maintenance is in no way an indication of what, if any, level of support should be fixed by the court after trial. Again, the best remedy of the parties is a rapid trial (though various procedural disputes do not augur very well for such a rapid trial). However, in the event that the trial is unduly delayed due to the fault of the husband, the wife may make appropriate application to the court. Concur — Kupferman, J.P., Sullivan, Carro, Silverman and Lynch, JJ.