■ ANN S. GETSON, Respondent, v ALBERT H. GETSON, Appellant. — Order, Supreme Court, New York County (Shainswit, J.), entered April 23, 1982, denying defendant's cross motion "for leave to renew opposition" to plaintiff's prior motion for temporary maintenance which resulted in an award of $150 weekly temporary maintenance, and order Supreme Court, New York County (Gabel, J.), entered June 29, 1982, directing entry of a money judgment in plaintiff's favor in the sum of $5,550 for arrears, and directing defendant's employer to deduct $150 weekly for temporary maintenance and the additional sum of $250 weekly until arrears are paid, both affirmed, without costs or disbursements. In this matrimonial action the original order awarding plaintiff wife temporary maintenance was entered October 29, 1981. Defendant, who has not made a single payment pursuant to that order, did not appeal, nor did he move for renewal until after his wife sought relief to enforce the award in April of 1982. The couple was childless, and the wife had been employed full time in comfortable positions. However, in the year before she moved for temporary maintenance she had either been working in a business venture that failed and from which she drew no salary, or as an office temporary in secretarial positions. The temporary maintenance awarded, $150 per week, or $7,800 per year, clearly contemplated the wife obtaining employment to cover the difference between the award and her monthly living expenses. Indeed, the court characterized the award as "modest" and referred to the wife's apparent "present exigent circumstances, and her husband's apparent ability to pay the sum awarded without any undue hardship." Thus, it is of little or no significance that the wife obtained employment almost a month after she executed an affidavit stating that she was unemployed, and three days before the motion for temporary maintenance was finally submitted. As for any temporary employment in early 1981, the husband was not only aware of it, but saw fit to make no mention of it in opposing the motion for temporary maintenance. Thus, we are unable to find an abuse of discretion in Special Term's refusal to grant renewal. (See *Matter of Hooker v Town Bd. of Town of Guilderland,* 60 AD2d 684.) We also find the timing of the husband's renewal application to be significant. As already noted, the husband sought renewal only in response to the wife's motion for enforcement. Courts have a right to take a dim view as to the *bona fides* of claims raised in such fashion. In this connection we note that the husband, with a substantial income, failed to pay temporary maintenance, as ordered, even before he discovered that the wife was working. We also note

that reference to the wife's self-help has no place in this appeal. The wife satisfactorily explained her actions on the original motion and, as noted, the husband failed to appeal from the order entered thereon. Finally, we agree with our dissenting brother's observation that appeals from *pendente lite* awards should not be encouraged. The best way for the husband to avoid the prolonged payment of temporary maintenance is to ready himself for trial as expeditiously as possible. Concur — Kupferman, J. P., Sullivan, Markewich and Lynch, JJ.

Kassal, J., dissents in a memorandum as follows: I disagree with the majority's affirmance of an award of temporary maintenance under the circumstances in this case. The record clearly reflects that the wife misrepresented her employment status and finances to the court in her original application before Special Term. In the past, we have held that appeals from temporary awards in matrimonial actions should be discouraged, with the parties relegated to the more appropriate remedy by seeking a speedy trial, at which the relevant facts may be explored and fully developed (*Braga v Braga*, 82 AD2d 727; *Woram v Gilliam*, 78 AD2d 796; *Rappeport v Rappeport,* 46 AD2d 756). However, we have also held that applications for temporary relief should be discouraged and an award *pendente lite* should be denied in the absence of a clear showing that such relief is necessary (*Spellman v Spellman,* 33 AD2d 683; *Heller v Heller*, 38 AD2d 526). Here, the husband unquestionably can afford to furnish support, since he earns in excess of $83,000 annually. The parties had been married for four and one-half years, without any issue. However, the wife admittedly improperly exercised self-help in withdrawing $7,400 from a joint savings account and in removing all the furniture and belongings from the marital abode. While the seizing of joint assets, standing alone, may not warrant a denial of temporary relief, I fail to perceive the need to afford protection to the wife, in this case, when she blatantly misled the court by misrepresenting her employment and financial status on the original application. She represented first that she was unemployed, and later, in a financial affidavit sworn to March 10, 1982, that her employment commenced in or about September, 1981 with an estimated annual salary of $30,000. There is another financial affidavit, dated November 3, 1981, wherein she swears that she started work on or before August 22, 1981, but concealed her true income by recording her income as "Uncertain." Upon appellant's motion to renew, she concedes that she actually commenced employment July 27, 1981, three days prior to submission of the original motion for temporary maintenance. This date is further confirmed by a letter from her employer. The mere fact that she was unemployed when her original affidavit was executed on July 30, 1981, is without dispositive effect. The foregoing amounts to a misrepresentation to the court that the facts at the time of submission were the same as set forth in the affidavit, which was untrue. Special Term expressed an awareness that the original application raised a close question. Accordingly, the fact that plaintiff concealed her employment and true financial situation is critical. This concealment of the actual financial posture of the parties, as revealed on renewal, warranted denial of temporary maintenance, with the parties being relegated to proceed expeditiously to trial (see *Belding v Belding,* 75 AD2d 592). Further, there is no merit in respondent's position that the cross motion was not properly one to renew. To the contrary, the application for renewal was based upon material, additional facts bearing upon the employment and financial status of the wife, subsequently disclosed, which were not known to the renewing party and thus, not made known to the court (see *Foley v Roche*, 68 AD2d 558, 568). The withholding of such critical financial information in a matrimonial action was patently improper. Special

Term abused its discretion in not passing upon the underlying merits on the motion to renew. I cannot concur in the majority's position which essentially sanctions and rewards respondent by overlooking her misrepresentations in attempting to mislead Special Term. Accordingly, I dissent and would reverse the order which denied appellant's cross motion for leave to renew, grant leave and upon renewal, deny the application for temporary maintenance. The order directing entry of a judgment for arrears in temporary maintenance and for a wage deduction pursuant to section 49-b of the Personal Property Law should likewise be reversed.