■ DANIEL P. WALSH, Appellant, v BLAGGARDS III RESTAURANT CORP., Respondent. [17 NYS3d 11]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered May 28, 2014, which, insofar as appealed from as limited by the briefs, denied plaintiff's motion for summary judgment on his claim seeking repayment of a loan and dismissing defendant's counterclaims, unanimously modified, on the law and the facts, to grant the motion to the extent of awarding plaintiff damages in the principal amount of $44,500 plus statutory interest from August 22, 2011, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

Defendant stated in its tax returns that the $50,000 paid by plaintiff was a loan and that the outstanding balance was $44,500; those statements are binding on defendant (*see Mahoney-Buntzman v Buntzman*, 12 NY3d 415, 422 [2009]). Thus, contrary to defendant's argument otherwise, that amount is a loan, not an investment and summary judgment in plaintiff's favor on the single cause of action in his complaint is warranted.

The parties' oral agreement also allegedly provided that plaintiff was to receive a 10% interest in defendant; the parties now dispute whether plaintiff may keep his 10% interest even after he demanded repayment of the loan. This issue, however, is severable from the issue of whether the $50,000 is a loan or an investment, and it can be tried along with defendant's counterclaims.

Plaintiff demanded in writing on August 8, 2011 that defendant repay the loan on August 22, 2011; defendant wrongly failed to do so, and therefore, because the loan was repayable on demand, statutory interest is measured from the latter date

(*see Kidder, Peabody & Co. v Energy Corp. of Am.*, 48 AD2d 795, 795 [1st Dept 1975]).

Finally, the court properly declined to dismiss defendant's counterclaims, since plaintiff failed to offer evidence sufficient to his establish entitlement to judgment as a matter of law (*see generally Ritt v Lenox Hill Hosp.*, 182 AD2d 560, 561 [1st Dept 1992]). As a result, any deficiency in defendant's opposition was irrelevant, since the burden never shifted to it to raise an issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Concur—Tom, J.P., Acosta, Andrias, Moskowitz and Clark, JJ.