Angiolillo v Christie's, Inc. (2020 NY Slip Op 03848)





Angiolillo v Christie's, Inc.


2020 NY Slip Op 03848


Decided on July 9, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2020

Acosta, P.J., Manzanet-Daniels, Kapnick, Singh, González, JJ.


650871/15 11777 11776

[*1] Amedeo Angiolillo, et al., Plaintiffs-Respondents,
v
Christie's, Inc., et al., Defendants-Appellants, Diamfield, Ltd., etc., et al., Defendants.


Hughes Hubbard & Reed LLP, New York (Daniel Weiner of counsel), for Christie's, Inc., appellant.
Patterson Belknap Webb & Tyler LLP, New York (Catherine A. Williams of counsel), for Pelham Holdings, LLC and Guy Bennett, appellants.
Clarick Gueron Reisbaum LLP, New York (Emily Reisbaum of counsel), for Investel Finance, Ltd, Ishaia Trading Corp., Ishia Gol and David Gol, appellants.
Herbert Smith Freehills, New York LLP, New York (A. Robert Dawes of counsel), for respondents.



Order, Supreme Court, New York County (Andrew Borrok, J.), entered October 17, 2019, which, insofar as appealed from, granted plaintiffs' motion for leave to renew and, upon renewal, granted partial summary judgment to the extent of finding that plaintiffs' father/grandfather, Senator Renato Angiolillo (the Senator), purchased the diamond, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered on or about May 3, 2019, which, insofar as appealed from, denied defendants' cross motion for summary judgment dismissing the complaint (other than the claim for replevin) and denied the motion by defendant Christie's, Inc. to amend its answer, unanimously dismissed, to the extent subsumed in defendants' appeal from the order entered October 17, 2019, and the order entered May 3, 2019, unanimously affirmed, without costs.
Defendants' appeal as to the conversion claim rests, in part, on arguments concerning plaintiffs' lack of proof of the Senator's purchase of the diamond. However, those arguments fail, given the documents generated in connection with Christie's 2013 pre-auction investigation (investigation documents), which establish that he did.
In granting plaintiffs' motion for leave to renew based upon the investigation documents, and upon renewal, holding that the Senator had purchased the diamond, the court providently exercised its discretion (Getson v Getson, 91 AD2d 540 [1st Dept 1982]; see also John v City of New York, 260 AD2d 187, 188 [1st Dept 1999]). The unequivocal statements by Christie's outside counsel, set forth in the investigation documents, that the Senator had purchased the diamond, were admissible admissions on Christie's part (Bellino v Bellino Constr.Co., 75 AD2d 630 [2d Dept 1980]).
In arguing the statements are, instead, inadmissible hearsay, Christie's suggests its outside counsel lacked the requisite authority to speak on its behalf, yet Christie's touted the authoritative nature of outside counsel's investigation in opposing plaintiffs' summary judgment motion and advocating dismissal of the complaint. For Christie's to now aver it did not "adopt" counsel's statements in the investigation documents accordingly rings hollow.
Christie's also argues that, to constitute a party admission, a party's agent's statements must be made to third parties, and not to the principal itself (see e.g. Fruin-Colnon Corp. v Niagara Frontier Transp. Auth., 180 AD2d 222, 234 [4th Dept 1992]). Here, however, Christie's itself made its agents' statements to third parties, namely, to plaintiffs, and to the court, to which it argued that its counsel's investigation disproved plaintiffs' position, and buttressed its own.
We accordingly dismiss defendant's appeal of the court's denial of summary judgment dismissing the conversion claim, in its order entered May 3, 2019, to the extent such appeal relies on lack of proof of the Senator's purchase of the diamond. Such appeal is subsumed in defendants' appeal from the order entered October 17, 2019, which we affirm.
All other issues implicated by the conversion claim require a trial. The record does not resolve, as a matter of law, whether defendants assumed or exercised control over plaintiffs' personal property and interfered with their right of possession (Colavito v New York Organ Donor Network, Inc., 8 NY3d 43, 50-51 [2006]), as it leaves unanswered questions about the Senator's post-purchase ownership, including the key question of whether he owned the diamond at the time of his death or, at some point before, transferred it to Girani.
That plaintiffs did not include the diamond's value in filings with Italian tax authorities in the years after the Senator's death does not estop them from asserting ownership rights now. Such "tax estoppel" is applied where a party's subsequently-adopted litigation position flatly contradicts express assertions previously made in tax filings (e.g. Mahoney-Buntzman v Buntzman (12 NY3d 415, 422 [2009]; Walsh v Blaggards III Rest. Corp., 131 AD3d 854 [1st Dept 2015]; Matter of Ansonia Assoc. L.P. v Unwin, 130 AD3d 453 [1st Dept 2015]; Livathinos v Vaughan, 121 AD3d 485 [1st Dept 2014]), but the omission of an asset leaves all questions in regard to it open (see Matter of Seaman (275 App Div 484 [3d Dept 1949], affd 300 NY 756 [1950]; Shyer v Shyer, 2020 NY Slip Op 30252(U), *5 [Sup Ct, NY County, Jan. 28, 2020]).
On the issue of governing law, the court properly determined that the relevant interest analysis supports application of New York, not Swiss, law (see Bakalar v Vavra, 619 F3d 136, 144-145 [2d Cir 2010]; Schoeps v MoMA (594 F Supp 2d 461, 465 [SD NY 2009]). The strong New York contacts, combined with New York's overwhelming interest in protecting the integrity of its market (Reif v Nagy, 61 Misc 3d 319, 322-323 [Sup Ct, NY County 2018], mod. 175 AD3d 107 [1st Dept 2019]), warrants application of New York law. The motion court correctly denied the Investel defendants' motion to dismiss the conversion claim as time-barred (see White v City of Mount Vernon, 221 AD2d 345 [2d Dept 1995]), as the record showed that the claim accrued when the Investel defendants disposed of the diamond in 2013, and did not suggest that the Investel defendants played a part in Milella's alleged scheme to embezzle the diamond in 2009. Defendants' claims regarding the propriety of the ruling were in any event raised on reply and thus not properly before us. The court's denial of Christie's motion to amend was a provident exercise of discretion (Gonfiantini v Zino, 184 AD2d 368, 369 [1st Dept 1992]). The proposed amendments concerned highly material facts, and the court properly determined such material revisions would be prejudicial to plaintiffs.
We have considered the parties' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 9, 2020
CLERK