**AGP Holdings Two LLC v Certain Underwriters at Lloyd's of London**

2024 NY Slip Op 30917(U)

March 19, 2024

Supreme Court, New York County

Docket Number: Index No. 654742/2020

Judge: Joel M. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

--------------------------------------------------------------------------------X

AGP HOLDINGS TWO LLC, AGP HOLDINGS THREE
LLC, AGP HOLDINGS ONE LLC,

|  |  |  |
|---|---|---|
| | **INDEX NO.** | 654742/2020 |

Plaintiffs,

|  |  |  |
|---|---|---|
| | **MOTION DATE** | 09/15/2023 |

- v -

|  |  |  |
|---|---|---|
| | **MOTION SEQ. NO.** | 018 |

CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON
INCLUDING SYNDICATE NOS. 4000, 5000, 2121, 2987,
4020, 1861, 1221, 1183, 4711, 5151, 1686, AND 4472 AT
LLOYD'S AND THEIR UNDERWRITING MEMBERS,
GREAT LAKES INSURANCE SE, SWISS RE
INTERNATIONAL SE, AIG PROPERTY CASUALTY
COMPANY, FEDERAL INSURANCE COMPANY,

**DECISION + ORDER ON
MOTION**

Defendants.

--------------------------------------------------------------------------------X

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 018) 447, 448, 449, 450,
451, 452, 453, 454, 455, 456, 457, 458, 459, 460, 461, 462, 464, 525, 526, 527, 552, 553, 554, 555,
556, 557, 558, 559, 560, 561

were read on this motion to _____ SEAL OR REDACT _____.

    This case concerns alleged damages to a valuable art collection.  Plaintiffs AGP Holdings

Two LLC's, AGP Holdings Three LLC's and AGP Holdings One LLC's ("Plaintiffs") move to

seal documents produced by non-party Gagosian Gallery ("Gagosian" and the "Gagosian

Documents").  Defendants (the "Insurers") oppose.[1]  For the reasons that follow, the motion is

**denied** without prejudice to renewal and proposing targeted redactions in compliance with the

Part 3 Sealing Practices and Procedures.

---

[1] The Insurers submitted a consolidated memorandum of law in opposition to Mot. Seq. Nos. 18
and 19 (NYSCEF 552) and incorporate the same arguments in opposing Mot. Seq. Nos. 19, 21
and 22.  Separate orders will issue in Mot. Seq. No. 19, 21 and 22.

**654742/2020   AGP HOLDINGS TWO LLC vs. CERTAIN UNDERWRITERS AT**
**Motion No.  018**

**Page 1 of 4**

Pursuant to § 216.1 (a) of the Uniform Rules for Trial Courts, this Court may seal a filing "upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as of the parties" (22 NYCRR § 216.1 [a]).

The Appellate Division has emphasized that "there is a broad presumption that the public is entitled to access to judicial proceedings and court records" (*Mosallem v Berenson*, 76 AD3d 345, 348 [1st Dept 2010]). "Since the right [of public access to court proceedings] is of constitutional dimension, any order denying access must be *narrowly tailored to serve compelling objectives*, such as a need for secrecy that outweighs the public's right to access" (*Danco Labs., Ltd. v Chemical Works of Gedeon Richter, Ltd.*, 274 AD2d 1, 6 [1st Dept 2000] [emphasis added]; *see also, e.g. Gryphon Dom. VI, LLC v APP Intern. Fin. Co., B.V.*, 28 AD3d 322, 324 [1st Dept 2006]).

Sealing is generally limited to "trade secrets, confidential business information, or proprietary information" (*Vergara v Mission Capital Advisors, LLC*, 187 AD3d 495 [1st Dept 2020]). "Furthermore, because confidentiality is the exception and not the rule, 'the party seeking to seal court records has the burden to demonstrate compelling circumstances to justify restricting public access'" (*Maxim, Inc. v Feifer*, 145 AD3d 516, 517 [1st Dept 2016] [citations omitted]). Narrowly tailored redactions are more likely to be permitted than sealing of an entire document (*Danco Labs.*, 274 AD2d at 8).

The Gagosian Documents were produced with certain information, such as wiring information, redacted. Plaintiffs argue that financial information, including pricing information as well as insurance values of certain artworks, and artworks that are not at issue in this case is also confidential. Therefore, Plaintiffs submit that the Gagosian Documents are confidential and

654742/2020   AGP HOLDINGS TWO LLC vs. CERTAIN UNDERWRITERS AT
Motion No.  018

Page 2 of 4

[* 2]

should be sealed in their entirety. Plaintiffs also propose redactions to filings referencing the Gagosian Documents.

Insurers argue that the financial information at issue is outdated, is highly relevant to the dispute, and that Plaintiffs have not demonstrated that competitive harm would result upon disclosure. Insurers also argue that this case is has generated significant media attention with articles appearing in The New York Times, Bloomberg, and The Art Newspaper (NYSCEF 554-561). Finally, Insurers argue that certain information sought to be sealed has been revealed in open court (NYSCEF 471).

That Gagosian treats the Documents as information as confidential is not by itself a sufficient basis for sealing under *Mosallem* and its progeny (*Empros Tech. Fund XXIII, LLC v Meyer Glob. Mgt., LLC* [N.Y. Sup Ct, New York County 2023]). Similarly, the fact that the documents reference purchase prices, insured values, location, potential sale information, expert compensation and other information is not sufficient to warrant sealing (*Angiolillo v Christie's, Inc.*, 64 Misc 3d 500, 524 [Sup Ct, New York County 2019], *affd, appeal dismissed*, 185 AD3d 442 [1st Dept 2020] [citations omitted]).

The Court finds that the documents at issue do not contain trade secrets or other information that, if unsealed, would threaten a party or non-party's "competitive advantage" or even relate to their "present-day business" (*Mosallem* at *350-351). Plaintiffs have not established "specific harm. . .that outweigh[s] the importance of public access to the records" (*id.*).

However, the Court will provide an opportunity for the parties to demonstrate that specific portions of the documents warrant targeted redaction. Any subsequent motion seeking to address the above concerns should adhere to this Part's Sealing Practices and Procedures (see

654742/2020   AGP HOLDINGS TWO LLC vs. CERTAIN UNDERWRITERS AT    Page 3 of 4
Motion No.  018

3 of 4

[* 3]

https://www.nycourts.gov/LegacyPDFS/courts/comdiv/NY/PDFs/part3-sealing-practices.pdf),

including the requirement to submit an affidavit based on personal knowledge attesting to the

factual bases for redaction and a spreadsheet setting forth a non-conclusory good faith basis for

each proposed redaction.

Accordingly, it is

**ORDERED** that Plaintiffs' motion to seal is **DENIED without prejudice**; it is further

**ORDERED** that the documents filed as NYSCEF Document Numbers 449, 450, 452,

454, 456, 458 and 460 shall remain provisionally sealed for 21 days from the date of the Court's

entry of this Decision and Order on NYSCEF. If any party files a new motion to redact/seal

confidential portions of the documents within that 21 day period, the documents shall remain

provisionally sealed pending resolution of that motion. If no such motion is filed within 21 days

from the entry of this Decision and Order, the parties shall alert the County Clerk that the motion

to seal the above-referenced documents has been denied by the Court and that the documents

should be unsealed on NYSCEF.

This constitutes the decision and order of the Court.

20240319094812JMCOHEN235A184F3FED48D3B472FE44CF55CFF9

| 3/19/2024 | | JOEL M. COHEN, J.S.C. |
|-----------|---|------------------------|
| DATE | | |

CHECK ONE:    ☐ CASE DISPOSED    ☒ NON-FINAL DISPOSITION

   ☐ GRANTED    ☒ DENIED    ☐ GRANTED IN PART    ☐ OTHER

APPLICATION:    ☐ SETTLE ORDER    ☐ SUBMIT ORDER

CHECK IF APPROPRIATE:    ☐ INCLUDES TRANSFER/REASSIGN    ☐ FIDUCIARY APPOINTMENT    ☐ REFERENCE

**654742/2020  AGP HOLDINGS TWO LLC vs. CERTAIN UNDERWRITERS AT**
**Motion No. 018**
Page 4 of 4

[* 4]

4 of 4