**Dorilton Capital Mgt. LLC v Stilus LLC**

2024 NY Slip Op 34404(U)

December 17, 2024

Supreme Court, New York County

Docket Number: Index No. 652428/2023

Judge: Andrew Borrok

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 53

-------------------------------------------------------------------------------X

DORILTON CAPITAL MANAGEMENT LLC,WILLIAMS IP HOLDINGS LLC,

Plaintiff,

- v -

STILUS LLC,CLAUDIA SCHWARZ,

Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 652428/2023 |
| **MOTION DATE** | 06/12/2024, 07/23/2024, 09/26/2024, 10/04/2024 |
| **MOTION SEQ. NO.** | 023 025 026 027 |

**DECISION + ORDER ON MOTION**

HON. ANDREW BORROK:

The following e-filed documents, listed by NYSCEF document number (Motion 023) 387, 388, 389, 390, 391, 392, 393, 394, 395, 396, 397, 398, 399, 400, 401, 492, 503, 504, 505, 506, 507, 508, 509, 510, 511, 513

were read on this motion to/for          DISCOVERY          .

The following e-filed documents, listed by NYSCEF document number (Motion 025) 419, 420, 421, 422, 423, 424, 425, 426, 427, 428, 429, 430, 431, 432, 433, 434, 435, 493, 500, 501, 502, 512

were read on this motion to/for          DISCOVERY          .

The following e-filed documents, listed by NYSCEF document number (Motion 026) 440, 441, 442, 443, 444, 445, 453, 454

were read on this motion to/for          AMEND CAPTION/PLEADINGS          .

The following e-filed documents, listed by NYSCEF document number (Motion 027) 446, 447, 448, 455, 456

were read on this motion to/for          CONFIRM/DISAPPROVE AWARD/REPORT          .

Upon the foregoing documents and for the reasons set forth on the record (*tr.* 12.16.24), (i) the

defendants' motion (Mtn. Seq. No. 023) to compel the deposition of Peter de Putron is DENIED,

(ii) the defendants' motion (Mtn. Seq. No. 025) to compel production of certain documents is

GRANTED solely to the extent set forth below, (iii) the defendants' motion (Mtn. Seq. No. 026)

to file a second amended answer is GRANTED solely to the extent set forth below, and (iv) the

**652428/2023   DORILTON CAPITAL MANAGEMENT LLC ET AL vs. STILUS LLC ET AL**          **Page 1 of 8**
 Motion No.  023 025 026 027

1 of 8

plaintiffs' motion (Mtn. Seq. No. 027) to confirm the Special Referee's report and recommendations on certain sensitive and confidential information is GRANTED.

Reference is made to certain prior decisions of this Court (NYSCEF Doc. Nos. 192 [the **January 2024 Decision**], 208, 376, and 414; hereinafter, collectively, the **Prior Decisions**).  The relevant facts are set forth in the Prior Decisions.  Familiarity is presumed.

## Discussion

### I.  The Defendants' Motion (Mtn. Seq. No. 023) to Compel Peter de Putron's Deposition is denied

The defendants have not established a basis upon which the Court could conclude that (i) there is relevant information within the unique or specific knowledge of Mr. de Putron or (ii) that the plaintiffs have control over him.  The defendants in this case have taken a number of depositions of corporate representatives of the plaintiffs who have indicated the opposite. – *i.e.*, that these were corporate decisions.  More importantly as it relates to the instant motion, Mr. de Putron is a foreign indirect investor. He is not an officer, director or shareholder of the plaintiffs. He lives in Jersey, United Kingdom.  To the extent that Mr. de Putron is alleged to have attended meetings in New York, he has not been tagged here.  If he had been, the Court would have jurisdiction over him.  The Court's prescriptive, adjudicative and enforcement jurisdiction is thus limited under the circumstances:

> Since fact gathering is a judicially controlled process in civil law Nations ... the nonjudicial taking of evidence located within their territory is regarded as an affront to their sovereignty. Such an exercise would be particularly offensive where, as here, the entity being subjected to court-ordered fact gathering ... is not even a party to the litigation.

(*Orilch v. Helm Bros.*, 160 A.D.2d 135, 143 [1990], *Matter of Est. of Agusta*, 171 A.D.2d 595, 595–96 [1991]). The defendants indicate that they have served Mr. de Putron in compliance with

**652428/2023   DORILTON CAPITAL MANAGEMENT LLC ET AL vs. STILUS LLC ET AL**
**Motion No.  023 025 026 027**

**Page 2 of 8**

2 of 8

the Hague Convention and that Mr. de Putron did not appear at the deposition that they arranged. This does not give the Court enforcement jurisdiction or an additional or new basis to assert jurisdiction over him. To the extent the defendants seek to compel his testimony, they must do so with the foreign sovereign authority which has enforcement jurisdiction. Thus, the motion is denied.

## II. The Defendants' Motion (Mtn. Seq. No. 025) to Compel Additional Document Discovery is Granted in Part

In this motion, the defendants sought the production of (i) additional documents setting forth which invoiced costs were "at issue," (ii) additional documents related to Mr. de Putron, (iii) a certain company-wide email, and (iv) additional searches to be performed on certain employee devices as to their Whatsapp messages, Signal messages (which devices they used for business purposes) and for the searches to cover a broader period of time than the time period in which the plaintiffs performed searches (*i.e.*, to include all relevant time periods in which the work which forms the basis for the "at issue" invoices was performed). Following submission of the motion, or otherwise at oral argument (*tr.* 12.16.24), the parties were able to resolve much of what the defendants seek. However, as discussed, the parties were not able to resolve disputes as to whether the search terms employed were adequate, the time period in which discovery should be conducted and the scope of electronic devices to be searched.

As discussed, the May 23, 2024 letter (NYSCEF Doc. 434; **May Letter**) outlines the search terms employed by the plaintiffs in this case. The terms are broad and relate to the actual claims in the case. For the avoidance of doubt, the Court notes that the search terms would capture

**652428/2023 DORILTON CAPITAL MANAGEMENT LLC ET AL vs. STILUS LLC ET AL**        **Page 3 of 8**
**Motion No. 023 025 026 027**

relevant documents and communications with Mr. de Putron and communications in which he received a copy. They are adequate.

However, the time period employed by the plaintiffs in their searches was limited to October 1, 2021 through April 6, 2023. This was not sufficient under the circumstances. Some of the activity that forms the basis for the "at issue" invoices pre-dates this time period. All activity reflected on the first "at issue" invoice of February 2021 must be part of the time period searched.

The plaintiffs also may not limit their searches in a manner which excludes personal devices used for business purposes or Whatsapp or Signal messages used for business purposes. The defendants are entitled to the entire universe of relevant information and the witnesses by using their devices for business purposes have put those devices within the proper purview of the defendants' discovery. The plaintiffs thus must expand their searches (limited by the search terms in the May Letter) and produce all relevant non-privileged information (together with a privilege log) to (x) all devices used for business purposes and (y) for the time period covering the activity which forms the basis for the "at issue" invoices no later than January 24, 2025.

This includes Nicola Salter who was in charge of human resources for WGPE, an affiliate of the plaintiff, and who appears on the record before the Court to be under plaintiffs' control and to have had direct communications through email and Whatsapp with Ms. Schwarz regarding her performance (NYSCEF Doc. No. 421 ¶ 5) such that the plaintiffs are required to search electronic devices for relevant responsive documents . She can come to counsel's office in

**652428/2023   DORILTON CAPITAL MANAGEMENT LLC ET AL vs. STILUS LLC ET AL**
**Motion No.  023 025 026 027**

**Page 4 of 8**

4 of 8

[* 4]

London such that the device that she used for business purposes can be properly searched in accordance with the May Letter.

### III. The Defendants' Motion (Mtn. Seq. No. 026) to File a Second Amended Answer and Affirmative Defenses is Granted to the Extent in this Order

Pursuant to CPLR § 3025(b), leave to amend shall be freely given and absent surprise or prejudice, leave should be denied only where "the proposed pleading fails to state a cause of action, or is palpably insufficient as a matter of law" (*Thompson v Cooper*, 24 AD3d 203, 205 [1st Dept 2005]). The proposed Second Amended Answer and Affirmative Defenses presents just such prejudice (*Angiolillo v. Christie's Inc.,* 64 Misc. 3d 500, 525, [N.Y. Sup. Ct. 2019], *aff'd, appeal dismissed*, 185 A.D.3d 442, 127 N.Y.S.3d 105 [2020]). As discussed below, the defendants in this case are not entitled to what would amount to be a "do over" as to information that was always in their possession or to change certain admissions to denials and otherwise serve the proposed Second Amended Answer and Affirmative Defenses in its current form.

On September 23, 2023 (approximately 15 months ago), the defendants filed an answer with counterclaims (NYSCEF Doc. No. 44). One month later, on October 11, 2023, they filed an amended answer and counter-claims (NYSCEF Doc. No. 66).

On January 16, 2024, approximately 1 year ago, and pursuant to the January 2024 Decision, the Court granted the plaintiffs' motion to dismiss the counterclaims. Extensive fact discovery in this case has already taken place including the taking of over 10 depositions.

**652428/2023   DORILTON CAPITAL MANAGEMENT LLC ET AL vs. STILUS LLC ET AL**     **Page 5 of 8**
  **Motion No.  023 025 026 027**

5 of 8

Now, the defendants again seek to amend its answer to change certain admissions to denials, to make certain factual changes as to information that has been in their possession since the inception of this case (*e.g.*, which of Ms. Schwartz' entities are the correct entities) and to otherwise assert additional affirmative defenses. Contrary to the defendants' argument that no prejudice results from the proposed amendment, these late changes as to material facts relied on by the plaintiff during the course of the case and during the conduct of discovery which the defendants did not suddenly learn so as to justify this late amendment was plainly within their possession and knowledge would necessarily cause substantial prejudice (*Angiolillo v. Christie's Inc.,* 64 Misc. 3d 500, 525, [N.Y. Sup. Ct. 2019], *aff'd, appeal dismissed*, 185 A.D.3d 442, 127 N.Y.S.3d 105 [2020]).  As such, as to this information, the motion is denied.

However, to the extent that the defendants indicate that they learned certain things during discovery which forms the basis upon which to add the additional defense of the failure to state a claim, no damages, and the failure to provide notice and an opportunity to cure, they may file a Revised Second Amended Answer and Affirmative Defenses which reflects those defenses no later than December 24, 2024.  To the extent that any such Revised Second Amended Answer and Affirmative Defenses warrants additional discovery, the reasonable costs of such additional discovery shall be paid by the defendants.  The plaintiffs may move by order to show cause (if appropriate) to dismiss any such newly added defenses no later than January 9, 2025 with any opposition due January 23, 2025.

IV.     **The Plaintiffs' Motion (Mtn. Seq. No. 027) to Confirm the Special Referee's Report and Recommendation is Granted**

**652428/2023   DORILTON CAPITAL MANAGEMENT LLC ET AL vs. STILUS LLC ET AL**
**Motion No.  023 025 026 027**

**Page 6 of 8**

[* 6]

Pursuant to CPLR § 4403, "the judge required to decide the issue may confirm or reject, in whole or in part, the verdict of an advisory jury or the report of a referee to report; may make new findings with or without taking additional testimony; and may order a new trial or hearing."

Reference is made to the report (NYSCEF Doc. No. 439) of Special Referee Jeremy R. Feinberg who reviewed testimony from: Darren Fultz, the former CEO of Dorilton, Jost Capito, the former CEO of Williams Grand Prix Engineering, Matthew Savage, the current Chairman of Dorilton, Judith Wende, an employee of INstyle GmbH, and Claudia Schwarz, the Defendant. (NYSCEF Doc. No. 439) and recommended that the material challenged for de-classification should remain confidential information. Although the defendants take issue with Mr. Feinberg's reference to a confidentiality agreement because the court had indicated that they could challenge designations, ultimately they do not dispute the recommendations of Mr. Feinberg. As such, the motion is granted and the report is confirmed.

The Court has considered the parties' remaining arguments and finds them unavailing.

Accordingly, it is hereby ORDERED that the defendants' motion to compel Peter de Putron to attend a deposition is DENIED; and it is further

ORDERED that the defendants' motion to compel production of certain documents is GRANTED solely to the extent set forth above; and it is further

**652428/2023   DORILTON CAPITAL MANAGEMENT LLC ET AL vs. STILUS LLC ET AL**
  **Motion No.  023 025 026 027**

**Page 7 of 8**

7 of 8

[* 7]

ORDERED that the defendants' motion to file the Seconded Amended Answer and Affirmative Defenses is GRANTED solely to that the defendants may file a Revised Second Amended Answer and Affirmative Defenses to the extent set forth above; and it is further

ORDERED that the Special Referee's Report and Recommendation is confirmed in its entirety.

20241217163232AB0RR0KF44F311C75B4432BB666CBD02DF7CF57

**12/17/2024**
**DATE**

**ANDREW BORROK, J.S.C.**

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

652428/2023   DORILTON CAPITAL MANAGEMENT LLC ET AL vs. STILUS LLC ET AL          Page 8 of 8
Motion No.  023 025 026 027

8 of 8

[* 8]