| **Matter of Radio Drama Network, Inc. (Brown)** |
| --- |
| 2025 NY Slip Op 31280(U) |
| April 11, 2025 |
| Surrogate's Court, New York County |
| Docket Number: File No. 2010-2056/A |
| Judge: Rita Mella |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

New York County Surrogate's Court
DATA ENTRY DEPT.

APR 11 2025

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------------------x

In the Matter of the Application of Radio Drama Network,
Inc. Seeking Relief Regarding the Himan Brown Revocable
Trust, Created By

DECISION and ORDER
File No.: 2010-2056/A

        HIMAN BROWN,
                    Grantor.

-------------------------------------------------------------------------------x

M E L L A, S.:

The following submissions were considered in deciding the three motions described below:

| Documents Considered | Numbered |
| --- | --- |
| **Motion #1** | |
| Notice of Motion to Seal dated September 24, 2024, Affirmation of Michael B. Kramer, Esq., in Support dated September 24, 2024, with Exhibits, Nonparty Pryor Cashman LLP's Memorandum of Law in Support dated September 24, 2024 | 1-3 |
| Affirmation of David Lisner, Esq., in Support dated September 24, 2024 | 4 |
| Affirmation of Deborah Yurchuk McCarthy, Esq., in Response dated October 10, 2024 | 5 |
| Affirmation of Judith M. Wallace, Esq., in Opposition dated October 17, 2024, with Exhibit, Petitioner's Memorandum of Law in Opposition dated October 17, 2024 | 6-7 |
| Reply Memorandum of Law dated October 24, 2024 | 8 |
| **Motion #2** | |
| Notice of Motion to Seal dated October 9, 2024, Affirmation of Michael B. Kramer, Esq., in Support dated October 9, 2024, with Exhibits | 9-10 |
| Affirmation of David Lisner, Esq., in Support dated October 9, 2024 | 11 |
| Affirmation of Judith M. Wallace, Esq., in Opposition dated October 17, 2024, with Exhibit, Petitioner's Memorandum of Law in Opposition dated October 17, 2024 | 12-13 |
| Affirmation of Deborah Yurchuk McCarthy, Esq., in Response dated October 18, 2024 | 14 |

Reply Memorandum of Law dated October 24, 2024          15

Motion #3
Notice of Motion to Seal dated October 22, 2024, Affirmation of      16-17
Michael B. Kramer, Esq., in Support dated October 22, 2024, with
Exhibits[1]

In the underlying proceeding, charitable corporation Radio Drama Network, Inc. (RDN) seeks, inter alia, to invalidate certain provisions of instruments amending or restating the Himan Brown Revocable Trust (Revocable Trust) established by grantor Himan Brown in 2002. Familiarity with the facts and procedural background are presumed at this time, having been described in various prior decisions issued by this court (*see, e.g.*, *Matter of Brown*, NYLJ, Oct. 7, 2024, at 30, col 4 [Sur Ct, NY County]; *Matter of Brown*, NYLJ, July 23, 2019, at 22, col 3 [Sur Ct, NY County]).

Presently before the court are three motions by nonparty Pryor Cashman LLP (Pryor Cashman or movant) for orders sealing certain unredacted documents produced to RDN or drafted by RDN that were subsequently filed with the court. More specifically, movant seeks to seal permanently documents revealing the names of a private trust, the trust beneficiary (who was a Pryor Cashman client), and a public official who serves as the trustee of the private trust and is a Pryor Cashman client. It is RDN's position that Richard L. Kay (the Respondent in the underlying reformation proceeding), who is the trustee of the Revocable Trust and of the Himan Brown Charitable Trust that is the remainder beneficiary of the amended and restated Revocable Trust, had pertinent financial dealings with the public official while both were acting in their trustee capacities. Kay, Himan Brown's longtime lawyer, is Of Counsel to Pryor Cashman.

---

[1] The three motions address the same set of documents, with minor variations. Accordingly, during a virtual court conference, it was agreed that all opposition and reply arguments made in the first two sealing motions apply to the third sealing motion as well, and that there was no need to file additional opposition or reply papers.

[* 2]

Kay's attorney filed affirmations in support of Pryor Cashman's sealing motions. RDN opposed the motions, and the Attorney General's Office filed an affirmation in response to movant's papers.[2] On January 31, 2025, the court heard oral argument on all three motions.

The First Department has stated that "the public has a powerful interest in open court proceedings" and that the party seeking to seal court records bears the burden of demonstrating compelling circumstances to justify restricting public access (*Mosallem v Berenson*, 76 AD3d 345, 349-350 [1st Dept 2010]). Even in the absence of opposition to a sealing request, "a court is always required to make an independent determination of good cause before it may grant a request for sealing" (*Gryphon Dom. VI, LLC v APP Intl. Fin. Co., B.V.*, 28 AD3d 322, 324 [1st Dept 2006]). The determination of good cause rests on a consideration of "the interests of the public as well as of the parties" (22 NYCRR 216.1[a]), and "neither the potential for embarrassment or damage to reputation, nor the general desire for privacy, constitutes good cause to seal court records" (*Mosallem v Berenson*, 76 AD3d at 351).

Movant contends that sealing is warranted here in part because the subject documents were exchanged pursuant to a so-ordered confidentiality stipulation. However, the fact that documents may previously have been designated as confidential pursuant to a confidentiality stipulation, so-ordered or otherwise, is not controlling with respect to the court's determination of whether good cause exists to seal the record pursuant to 22 NYCRR 216.1(a)[3] (*see Matter of Hofmann*, 284

---

[2] The Attorney General's Office did not expressly support or oppose the motions, but stressed its general policy of opposing the sealing of court records "except in extraordinary circumstances" due to "the strong public interest in open court proceedings" (10/10/24 Aff. in Response at 1; 10/18/24 Aff. in Response at 1).

[3] To the extent that Kay and/or Pryor Cashman argue that certain information was provided to RDN based on their understanding that the documents would be sealed and that they communicated this understanding to their clients, the court concurs with RDN's position that privacy protections should not have been overstated. If representations as to sealing were in fact made, they were made despite the clear language of the confidentiality stipulation, which expressly provides for documents to be filed under seal

AD2d 92, 93 [1st Dept 2001] [concluding that a sealing request was properly denied notwithstanding the parties' confidentiality agreement]; *RedHill Biopharma Ltd. v Kukbo Co., Ltd.*, 2024 NY Slip Op 32846[U], *4-5 [Sup Ct, NY County 2024] [denying an unopposed motion for redaction despite the so-ordered confidentiality stipulation pursuant to which the documents at issue were designated as "highly confidential"]; *Angiolillo v Christie's, Inc.*, 64 Misc 3d 500, 524 [Sup Ct, NY County 2019], *affd, appeal dismissed*, 185 AD3d 442 [1st Dept 2020] [observing that "mere designation of information as confidential does not guarantee that such information will be kept sealed" and that "[g]ood cause must still be shown"]).[4]

Nevertheless, the court finds that good cause exists to seal permanently records revealing the names of the private trust and/or the trust beneficiary. To do otherwise would expose the personal financial information of nonparties (*see Mancheski v Gabelli Group Capital Partners*, 39 AD3d 499, 502 [2d Dept 2007] [finding "a compelling interest in sealing the third-party financial information" to avoid impinging on their privacy rights]). Accordingly, Pryor Cashman's motions are granted to the extent that documents specifying the private trust and/or the trust beneficiary shall remain under seal.

With respect to movant's request to seal permanently records containing the name of the public official who received funds in a trustee capacity, the court finds that movant has not made the requisite showing of good cause required by 22 NYCRR 216.1. The public official's personal financial information is not at issue. Furthermore, in light of this court's ruling with respect to the private trust and the trust beneficiary, movant's concern that "[p]ublicly tying an investment to a

---

provisionally and warns that any sealing motion would need to be ruled on by the court (*see* Ex. 1 to Kramer Affirmations at 7, Section 12[a-c]).

[4] During oral argument, RDN disputed the claim that the documents at issue fall within the scope of the confidentiality stipulation. The court need not resolve this dispute in light of the foregoing caselaw.

4

specific entity and a specific individual, rather than simply disclosing the transaction and all of its anonymized details (currently on the public docket), undoubtedly exposes personal financial information of a nonparty" is academic (Reply Mem. at 4). If records containing the public official's name are not sealed, the information that can be gleaned from those records is that a particular public official obtained financing in his capacity as trustee for an unspecified trust with an unspecified beneficiary.

Notably, movant has failed to articulate persuasively how access to documents reflecting the public official's involvement in what movant characterizes as an entirely aboveboard financial transaction will likely result in harm (*see Angiolillo v Christie's, Inc.*, 64 Misc 3d at 522 [stating that "[f]or a finding of good cause, public access to the documents at issue must result in harm to a compelling interest of the movant"]).[5] Furthermore, contrary to movant's claim that the public has no legitimate interest in the currently redacted information, Kay's dealings with the public official while Kay was acting as the trustee of a charitable trust and the public official was also acting as a fiduciary are relevant to the reformation proceeding and are of concern to the public (*see Matter of Hofmann*, 284 AD2d at 94 [agreeing with the Attorney General that "judicial proceedings, particularly where the propriety of acts of fiduciaries and their attorneys are in question, are matters of legitimate public concern"]).[6] Accordingly, to the extent that movant seeks to seal permanently documents that name the public official, movant's applications are denied.

---

[5] Pryor Cashman theorizes that a failure to seal will result in RDN's harassing or gossiping about the public official. Not only are such concerns insufficient to warrant sealing (*see Mosallem v Berenson*, 76 AD3d at 351), but RDN would still be bound by the so-ordered confidentiality stipulation (*see Shorenstein v Spiera*, 2022 NY Slip Op 31005[U], *5 [Sup Ct, NY County 2022] [noting, after denying in part a sealing application notwithstanding the existence of a so-ordered confidentiality agreement, that "in any event, the parties remain bound" by the agreement]).

[6] RDN's contention that the motions must be denied because a sealing order would impact its ability to depose the public official is academic, as the parties have advised the court that the deposition has gone forward.

5

In conclusion, Sealing Motions #1 and #2 are granted in part and denied in part, and Sealing Motion #3 is granted in its entirety, as follows:

With respect to Sealing Motion #1, unredacted copies of RDN's Memorandum of Law in Support of its Motion to Compel dated September 19, 2024 (September 19, 2024 Memorandum of Law), the Affirmation of Judith M. Wallace, Esq. in support of RDN's Motion to Compel dated September 19, 2024 (September 19, 2024 Affirmation), Exhibits C, F, NN, QQ, RR, SS, TT, and Z to the September 19, 2024 Affirmation, and Exhibits 3, 4, 5, 6, 7, 8, 9, 11, and 12 to the Affirmation of Michael B. Kramer, Esq. in support of Sealing Motion #1 dated September 24, 2024 (Kramer's First Affirmation), shall be permanently sealed due to references to the private trust and/or trust beneficiary. Within 30 days of entry of this order, RDN shall mail or hand-deliver to the Miscellaneous Part of this court the documents listed below, as well as an affirmation stating that in compliance with the court's decision, RDN has appended the following: 1) copies of the September 19, 2024 Memorandum of Law, the September 19, 2024 Affirmation, Exhibits C, F, NN, RR, SS, and Z to the September 19, 2024 Affirmation, and Exhibits 5, 6, 8, 9, 11, and 12 to Kramer's First Affirmation, redacting only references to the private trust and/or trust beneficiary and 2) fully unredacted copies of Exhibits DDD, OO, and PP to the September 19, 2024 Affirmation and Exhibits 10, 13, and 14 to Kramer's First Affirmation, as no good cause exists to seal any portions thereof.

With respect to Sealing Motion #2, unredacted copies of Exhibits 5, 8, 14, 15, 16, 17, and 18 to the Affirmation of Alexander G. Malyshev, Esq. in support of RDN's Second Motion for a Preliminary Injunction dated October 4, 2024 (October 4, 2024 Affirmation) shall be permanently sealed due to references to the private trust and/or trust beneficiary. Within 30 days of entry of this order, RDN shall mail or hand-deliver to the Miscellaneous Part of this court the documents listed

6

[* 6]

below, as well as an affirmation stating that in compliance with the court's decision, RDN has appended the following: 1) copies of Exhibits 5, 8, 14, and 15 to the October 4, 2024 Affirmation, redacting only references to the private trust and/or trust beneficiary and 2) fully unredacted copies of Exhibits 12, 13, and 27, as no good cause exists to seal any portions thereof.[7]

With respect to Sealing Motion #3, the unredacted copy of Exhibit A to the Affirmation of Judith M. Wallace, Esq. in opposition to the sealing motions dated October 17, 2024 shall be permanently sealed due to references to the private trust and/or trust beneficiary.

This decision constitutes the order of the court. Clerk to notify by email to the parties listed below.

Dated: April 11, 2025

_____
S U R R O G A T E

To:

Judith Wallace, Esq.
Wallace@clm.com

Mark S. Cohen, Esq.
mcohen@CohenGresser.com

Alexander G. Malyshev, Esq.
Malyshev@clm.com

Jay W. Freiberg, Esq.
jfreiberg@ef-law.com

Michael B. Kramer, Esq.
mkramer@mkramerlaw.com

Hillary Frommer, Esq.
HFrommer@ef-law.com

David Lisner, Esq.
DLisner@CohenGresser.com

Rebecca Gideon, Esq.
Rebecca.Gideon@ag.ny.gov

---

[7] Although the Notice of Motion for Sealing Motion #2 requests the permanent sealing of unredacted copies of Exhibits 7 and 48 to the October 4, 2024 Affirmation, those documents do not discuss the private trust, the trust beneficiary, or the public official, and their inclusion is inconsistent with movant's representation that "[w]ith the exception of Exhibit 17 to the [October 4, 2024 Affirmation], each [document that movant seeks to have sealed in Sealing Motion #2] was also the subject of the First Sealing Motion" (see Affirmation of Michael B. Kramer, Esq. in Support dated October 9, 2024 at ¶8). Accordingly, the court concludes that these documents were inadvertently listed.

7